**Kenneth M. COLE, Jr., Relator,**

v.

**The Honorable Lee GABRIEL, Judge, 367th District Court of Denton County, Texas, Respondent.**

No. 2–90–298–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1991.

Rehearing Overruled Jan. 28, 1992.

Kenneth M. Cole, Jr., pro se.

Hickey & Wood, P.C., and J. Jeffrey Springer, Denton, for respondent.

Before HILL, FARRIS and MEYERS, JJ.

OPINION ON REHEARING

HILL, Justice.

Upon consideration of the motion for rehearing of the relator, Kenneth M. Cole, Jr., we hereby grant the motion for rehearing and substitute the following opinion for the opinion and judgment originally issued.

In this original mandamus proceeding, Kenneth M. Cole, Jr., the relator, seeks an order directing the Honorable Lee Gabriel, Judge of the 367th District Court of Denton County, to vacate her order that Cole, an attorney, respond to questions concerning his communications to Terrence Wickman, his client. Cole contends that the communications are privileged by virtue of rule 503 of the Texas Rules of Civil Evidence.

■ We dismiss Cole's petition for writ of mandamus as having been improvidently granted, because Cole does not have standing to assert the lawyer-client privilege protected by rule 503 of the Texas Rules of Evidence in his individual capacity rather than on behalf of Wickman, his client.

■ The respondent contends that Cole lacks standing to bring mandamus in this court on his own behalf in support of his client's privilege that Cole not answer questions concerning their confidential communications. Rule 503(c) of the Texas Rules of Civil Evidence provides that the lawyer-client privilege may be claimed by the lawyer only on behalf of the client. Also, *see Krumb v. Porter*, 152 S.W.2d 495, 497 (Tex.Civ.App.—San Antonio 1941, writ ref'd) and *Ex parte Lipscomb*, 111 Tex. 409, 239 S.W. 1101, 1103 (1922). An attorney as a witness has no personal interest in the matter, so that a refusal of a court to sustain his objections on the ground of privilege is not a denial of any privilege or immunity nor in any way erroneous as to him, although it might be so as to his client. *Ex parte Lipscomb*, 239 S.W. at 1103. Cole appears in this mandamus proceeding in his own behalf only, not in be-

half of Wickman. Consequently, we agree that Cole does not have standing in his individual capacity to attack the respondent's order respecting the privilege of Wickman.

We withdraw our prior judgment and dismiss Cole's petition for writ of mandamus, leave to file having been improvidently granted.