

# Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-12-00321-CV

In The Matter of the Guardianship of Carlos Y. **BENAVIDES**, Jr.

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2011-PB6-000081-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
           Patricia O. Alvarez, Justice
           Luz Elena D. Chapa, Justice

Delivered and Filed:  March 13, 2013

AFFIRMED

This is an appeal from a pre-trial ruling in a contested guardianship matter. Pursuant to rule 12 of the Texas Rules of Civil Procedure, the trial court found that attorney Richard L. Leshin had no authority to represent the proposed ward, Carlos Y. Benavides, Jr. ("Benavides"), in the underlying guardianship proceedings. *See* TEX. R. CIV. P. 12. Benavides and his wife, Leticia Benavides, are the appellants in this appeal.[1] Benavides's adult children, Linda Christina B. Alexander, Guillermo D. Benavides, and Carlos Benavides III, are the appellees. The appellants argue the trial court's Rule 12 order must be reversed because (1) they were entitled to a jury trial on the issue of whether Benavides had the mental capacity to hire Leshin; (2) the appellees, who initiated the guardianship proceedings, were not authorized to bring a motion to

---

[1]Leshin filed a notice of appeal on Benavides's behalf.

show authority under Rule 12; and (3) the evidence required a finding that Leshin had the authority to represent Benavides in the underlying guardianship matter. We overrule all of these arguments, and affirm the trial court's order.

## BACKGROUND

This case began in September 2011 when the appellees filed applications for temporary and permanent guardianship over Benavides's person and estate. Shortly after the applications were filed, the trial court appointed an attorney ad litem to represent Benavides's interests in the proceedings. Leticia, represented by attorney Carlos M. Zaffirini Sr., filed a motion to dismiss the applications, a contest to the applications, and a jury demand. Benavides, represented by attorney Leshin, also filed a motion to dismiss the applications, a contest to the applications, and a jury demand.

On October 3, 2011, the appellees filed a motion to show authority under Rule 12 of the Texas Rules of Civil Procedure. In this motion, the appellees alleged that Benavides did not have the mental capacity to hire Leshin to represent him in the guardianship matter. The appellees requested a hearing on their motion.

On October 14, 2011, the trial court appointed a temporary guardian over Benavides's person and estate.

In May 2012, the trial court held a hearing on the motion to show authority. At the start of the hearing, the appellants argued the trial court could not determine whether Benavides had the capacity to hire Leshin because the issue of capacity was reserved for a jury. The trial court rejected this argument and allowed both sides to present evidence. The appellants presented evidence to support their contention that Benavides hired Leshin to represent him in the guardianship proceedings in September or October 2011. The appellees presented evidence to support their contention that Benavides did not have the capacity to hire an attorney in

September or October 2011. After hearing all the evidence, the trial court found that Leshin failed to meet his burden of proving he had authority to represent Benavides. The trial court signed an order disallowing Leshin from appearing in or taking any further action in the guardianship case, and striking all pleadings and documents filed in the case by Leshin. This appeal ensued.

## RULE 12 MOTION TO SHOW AUTHORITY

Rule 12 allows a party to argue before the trial court that a suit is being prosecuted or defended without authority. TEX. R. CIV. P. 12; *Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet. denied). When a party files a rule 12 motion to show authority, the challenged attorney must appear before the trial court to show his authority to act on behalf of his client. TEX. R. CIV. P. 12; *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.). The motion may be heard and determined at any time before the parties have announced ready for trial. TEX. R. CIV. P. 12. The primary purpose of rule 12 is to enforce a party's right to know who authorized the suit. *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 422–23 (Tex. 1964); *Smith*, 339 S.W.3d at 762. At the hearing on the motion, the burden of proof is on the challenged attorney to show his authority to prosecute or defend the suit. *Smith*, 339 S.W.3d at 762; *Boudreau*, 115 S.W.3d at 741.

## STANDARD OF REVIEW

Appellate courts review a trial court's ruling on a motion to show authority for an abuse of discretion. *Smith*, 339 S.W.3d at 762; *see Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or clearly fails to analyze or apply the law correctly. *City of Dallas v. Vanesko*, 189 S.W.3d 769, 771 (Tex. 2006) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). The abuse of discretion standard has different applications in

different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). With respect to factual findings, an appellate court may not substitute its own judgment for that of the trial court. *See Vanesko*, 189 S.W.3d at 771 (citing *Walker*, 827 S.W.2d at 839). Instead, a party challenging those findings must establish that the trial court could have reached only one decision. *See id.* (citing *Walker*, 827 S.W.2d at 840).

### FINAL AND APPEALABLE ORDER?

As a preliminary matter, we address whether the order on motion to show authority in this case is a final and appealable order. As a general rule, an order on a rule 12 motion is an interlocutory order that is not appealable until it is merged into a final judgment. *State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260–61 (Tex. App.—Austin 1987, no writ). Nevertheless, probate and guardianship proceedings are often exceptions to the "one final judgment" rule. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). In probate and guardianship proceedings, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *See id.* The order challenged in this appeal finally disposed of all issues raised in the rule 12 motion to show authority, and concluded a discrete phase of the guardianship proceedings. *See Logan v. McDaniel*, 21 S.W.3d 683, 689 (Tex. App.—Austin 2000, pet. denied) (holding rule 12 order in a guardianship proceeding was final and appealable when no issues raised in the motion to show authority remained unresolved). We, therefore, conclude the trial court's order on the motion to show authority is a final and appealable order. *See id.*

### MOTION TO SHOW AUTHORITY AND THE RIGHT TO JURY TRIAL

The appellants argue the challenged order must be reversed because the trial court did not have the authority to determine the motion to show authority. The appellants essentially argue the trial court could not determine the motion to show authority because this determination touched on Benavides's capacity, and Benavides's capacity was one of the ultimate issues to be

decided by the jury at trial. For support, the appellants rely on section 643 of the Texas Probate Code, which provides, "A party in a contested guardianship proceeding is entitled, on request, to a jury trial." TEX. PROB. CODE ANN. § 643 (West 2003).

We are not persuaded by this argument. "Only ultimate issues of fact are to be submitted to a jury." *Miller v. Stout*, 706 S.W.2d 785, 787 (Tex. App.—San Antonio 1986, no writ). A motion to show authority does not involve a determination of ultimate issues of fact. Instead, a motion to show authority involves a pre-trial determination regarding an attorney's authority to represent a party. TEX. R. CIV. P. 12. The appellants cite no cases stating that section 643 applies to the determination of fact issues arising in a motion to show authority, and we have found none. We conclude section 643 did not preclude the trial court from determining the fact issues related to the motion to show authority. *Cf. Miller*, 706 S.W.2d at 787–88 (holding in a non-probate case that the parties were not entitled to a jury trial on a rule 12 motion); *In re Kuhler*, 60 S.W.3d 381, 383 (Tex. App.—Amarillo 2001, orig. proceeding) (holding a party had no right to a jury trial in a temporary guardianship proceeding).

As further support for their argument, appellants cite to sections 874 and 646A of the Texas Probate Code. Section 874 provides, "The person for whom a temporary guardian is appointed under Section 875 of this code may not be presumed to be incapacitated." TEX. PROB. CODE ANN. § 874 (West Supp. 2012). Section 646A provides that a proposed ward may retain an attorney to represent his interests "as long as the proposed ward has the capacity to contract." TEX. PROB. CODE ANN. § 646A(a)(2) (West Supp. 2012). It further provides that "[i]f the court finds that…the proposed ward has capacity to contract, the court may remove an attorney ad litem appointed under Section 646 of this code…and appoint…a proposed ward's retained counsel." TEX. PROB. CODE ANN. § 646A(b) (West Supp. 2012). However, neither provision precluded the trial court from determining the issues presented in the motion to show authority.

We hold the trial court did not misapply the law by determining the motion to show authority.

## AUTHORITY TO BRING A RULE 12 MOTION

Next, the appellants argue the challenged order must be reversed because the appellees had no authority to bring a rule 12 motion. The appellants argue rule 12 allows only a defendant to challenge the authority of a plaintiff's attorney.

Again, we are not persuaded by the appellants' argument. Amendments to rule 12 removed the restriction that only defendants could challenge the authority of a plaintiff's attorney. *See Phillips v. Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Gulf Reg'l Educ. Television Affiliates v. Univ. of Houston*, 746 S.W.2d 803, 810 (Tex. App.—Houston [14th Dist.] 1988, writ denied). These amendments took effect in 1981. *See Phillips*, 244 S.W.3d at 435; *Gulf Reg'l*, 746 S.W.2d at 810. The current version of rule 12 allows either a defendant or a plaintiff to file a rule 12 motion. TEX. R. CIV. P. 12 ("A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating he believes the suit or proceeding is being *prosecuted or defended* without authority, cause the attorney to be cited to appear before the court and show his authority to act.") (emphasis supplied).

The appellants acknowledge that rule 12 was amended, but nevertheless argue that the appellees had no authority to bring a rule 12 motion. The appellants rely on *Spigener v. Wallis*, 80 S.W.3d 174, 184 n.9 (Tex. App.—Waco 2002, no pet.), to support their argument. In *Spigener*, the Waco court of appeals said that rule 12 does not authorize a plaintiff to challenge the authority of a defendant's counsel, citing cases decided before rule 12 was amended. *Id*. We decline to follow *Spigener* because it fails to reflect the current status of the law. We hold the

appellees had the authority to bring a rule 12 motion challenging Leshin's authority to represent Benavides.

## MERITS OF THE RULE 12 MOTION

Finally, the appellants argue the challenged order must be reversed because Leshin met his burden to show that he had the authority to represent Benavides. We review the trial court's ruling on a motion to show authority for an abuse of discretion. *See Urbish*, 708 S.W.2d at 432; *Smith*, 339 S.W.3d at 762.

At the hearing on the motion to show authority, Leshin testified that he first became involved in this case in September 2011. Leshin received a call from Leticia's attorney, who told him about Benavides, his need for an attorney, and his need to have some documents drafted. A few days later, Leticia called Leshin, and Leshin and Leticia discussed the possibility of Leshin preparing various estate planning documents for Benavides. In a few days, Leticia called Leshin back, and gave him instructions about how Benavides wanted the documents prepared. Leshin then prepared the documents. On September 14, 2011, Leshin went to Benavides's house and reviewed various estate planning documents with Benavides. These estate planning documents included a will, a statutory durable power of attorney, a medical power of attorney, a directive to physicians, and a declaration regarding a guardianship. After Leshin explained each of the documents to Benavides, Benavides indicated he was accepting the documents by saying, "Yes," raising his hand, and nodding his head up and down. Benavides then signed the documents in the presence of two witnesses. On October 10, 2011, Leshin again went to Benavides's house. On that day, Benavides signed an affidavit stating, "I have [] hired Richard L. Leshin as my attorney to represent me in 'In the Matter of the Guardianship of Carlos Y. Benavides, Jr., An Incapacitated Person' filed as Cause Number 2011PB68112 in Webb County, Texas."

The appellants argue the trial court abused its discretion in finding that Leshin had no authority to represent Benavides. Citing *Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 742 (Tex. App.—Dallas 2003, pet. denied), the appellants maintain that Leshin satisfied his burden to show he had authority to represent appellant based solely on Leshin's testimony and the affidavit signed by Benavides. Even though the Dallas court of appeals held that the evidence presented in *Boudreau* was sufficient evidence to satisfy the attorney's burden under rule 12, *Boudreau* does not stand for the proposition that an attorney automatically satisfies his burden under rule 12 by testifying and presenting an affidavit from his client. *See id*. To the contrary, *Boudreau* and other cases illustrate that, when making a determination under rule 12, trial courts consider and weigh the evidence presented. *See Smith*, 339 S.W.3d at 762–63; *id.*; *Terrace Heights Owners Ass'n, Inc. v. Corn*, No. 05-92-02073-CV, 1993 WL 268912, at *2–3 (Tex. App.—Dallas 1993, writ denied ) (not designated for publication).

In the present case, the appellees presented testimony from two experts indicating Benavides did not have the capacity to contract for legal services in September and October 2011. Dr. Gilberto Martinez, a licensed psychologist with specialty training in clinical neuropsychology, based his opinion in part on Benavides's medical history and in part on ten cognitive tests he administered to Benavides on March 9, 2012. The purpose of these tests was to evaluate Benavides's cognitive function. The results of these tests showed Benavides's cognitive function was severely to profoundly impaired. Additionally, Dr. Martinez noted that Benavides's medical history did not show a single traumatic brain injury. CT and MRI scans taken in 2005 showed atrophy and vascular changes in Benavides's brain. Thus, in Dr. Martinez's opinion, Benavides's dementia had progressed over the course of many years, and there was no way that Benavides's cognitive function was significantly better in 2011. Dr. Martinez testified that Benavides did not have the capacity to hire an attorney in 2011.

Dr. Christopher Ticknor, a psychiatrist, testified that he had reviewed Benavides's medical records and had observed portions of the cognitive testing performed by Dr. Martinez. According to Dr. Ticknor, Benavides suffered from severe dementia caused by a combination of health problems, including Parkinson's disease, heart disease, and Alzheimer's disease. Dr. Ticknor was of the opinion that Benavides's dementia was so advanced that his cognitive function was similar to that of a two-year-old. Dr. Ticknor stated that Benavides has a condition called perseveration, which means he does the same thing over and over again without thinking about it. Because of this condition, Benavides answers "Yes" to virtually every question he is asked. Dr. Ticknor further testified that Benavides's cognitive function was severely impaired over the course of the last year. In Dr. Ticknor's opinion, Benavides did not have the capacity to contract for legal services in September 2011.

To succeed in this appeal, the appellants were required to establish that the trial court could have reached only one decision on the motion to show authority. *See Vanesko*, 189 S.W.3d at 771 (Tex. 2006); *Walker*, 827 S.W.2d at 840. The appellants argue that the trial court was required to find that Leshin had the authority to represent Benavides. We disagree. Based on the evidence presented, the trial court was well within its discretion in finding that Leshin had no authority to represent Benavides in the underlying guardianship proceedings. We hold the trial court did not abuse its discretion.

## CONCLUSION

The trial court's order is affirmed.

Karen Angelini, Justice