

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00196-CV

**IN THE MATTER OF THE GUARDIANSHIP OF** Carlos Y. **BENAVIDES** Jr.,
an Incapacitated Person

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2011-PB6-000081-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Sandee Bryan Marion, Justice
             Rebeca C. Martinez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  April 16, 2014

REVERSED AND RENDERED

This is an appeal from the trial court's order on a motion to compel and for sanctions. In the underlying guardianship proceeding, the trial court ordered attorney Richard Leshin to produce the complete contents of his file for the proposed ward to the ward's appointed attorney ad litem and to pay monetary sanctions of $1,500.00 for failing to provide the file in response to a letter request. Because we conclude the trial court abused its discretion in granting the motion to compel and awarding sanctions in this instance, we reverse the trial court's order.

### BACKGROUND

The adult children of Carlos Y. Benavides Jr. initiated a guardianship proceeding regarding their father in September 2011. Shortly thereafter, the trial court appointed an attorney ad litem to represent Benavides in the litigation. The court also appointed a guardian ad litem and a temporary

guardian of the person and estate of Benavides. Initially, Leshin appeared as retained counsel for Benavides and filed several pleadings on his behalf. However, on May 21, 2012, pursuant to rule 12 of the Texas Rules of Civil Procedure, the trial court found that Leshin had no authority to represent Benavides in the guardianship proceeding and ordered that Leshin take no further action in the litigation. *See* TEX. R. CIV. P. 12. The trial court further ordered that all pleadings and other documents previously presented by Leshin on behalf of Benavides in the guardianship proceeding were to be stricken from the record. This court affirmed the trial court's order in March 2013, holding that the trial court was "well within its discretion in finding that Leshin had no authority to represent Benavides in the underlying guardianship proceedings" because Benavides lacked the mental capacity to retain his own counsel at the time Leshin began representing him. *See In re Guardianship of Benavides*, 403 S.W.3d 370, 377 (Tex. App.—San Antonio 2013, pet. denied).

Following the trial court's order regarding Leshin, Jesus Guillen, Benavides's appointed attorney ad litem, sent a letter dated May 30, 2012, to Leshin requesting a copy of a purported will that Leshin claimed to have prepared for Benavides. When he received no response from Leshin, Guillen sent a second letter dated July 20, 2012, this time requesting not only the purported will, but also a copy of the complete contents of Leshin's file concerning Benavides. Leshin did not respond to either letter and did not provide a copy of any file materials to Guillen in response to these two requests.

Guillen filed a motion to compel and for sanctions in the guardianship proceeding in January 2013, requesting relief pursuant to rule 215.1(b) of the Texas Rules of Civil Procedure. Specifically, Guillen sought an order compelling production of the requested items and an award of reasonable and necessary attorney's fees incurred in the preparation and presentation of the motion to compel. Leshin filed a motion for continuance of the hearing on Guillen's motion to compel, asserting conflicts with other matters. The trial court denied the motion for continuance.

After the hearing, the trial court ordered Leshin to (1) produce his file on Benavides to Guillen and (2) pay $1,500.00 to the estate "as reasonable attorney's fees in bringing this proceeding." The trial court eventually appointed one of Benavides's adult children as the permanent guardian of Benavides's person and a separate third party to be the permanent guardian of his estate, and continued Guillen's appointment as attorney ad litem for Benavides. Leshin filed this appeal on behalf of himself and Benavides as appellants, raising only two issues: (1) the trial court abused its discretion in ordering the production of Benavides's client file; and (2) the trial court abused its discretion in awarding sanctions against Leshin. We will address the second issue first.

## DISCUSSION

### Award of sanctions

In his second issue, Leshin complains the trial court erred in ordering him to pay sanctions for failing to produce the requested documents. We review the trial court's ruling on a motion for sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). We must determine whether the trial court abused its discretion in ordering Leshin, a non-party in the underlying guardianship proceeding, to pay attorney's fees as a sanction pursuant to rule 215.

In the motion to compel and for sanctions, Guillen asserted the requested records were necessary to Guillen's ability to properly defend Benavides's rights and represent his interests and may provide evidence admissible in the contested guardianship proceeding. At the time Guillen sent the letters requesting the will and file from Leshin, Leshin was neither a party to the guardianship proceeding nor an attorney for any party in the guardianship proceeding. Although the rules of civil procedure provide a method to seek the production of potentially relevant documents from a non-party, Guillen did not serve Leshin with a subpoena or a notice of production as required by the rules prior to filing his motion to compel and for sanctions. *See* TEX.

R. CIV. P. 176, 205.3. After Leshin failed to respond to Guillen's letters, Guillen sought sanctions against Leshin pursuant to rule 215. However, rule 215 authorizes sanctions against a non-party only for the non-party's failure to comply with a rule 196.7 order for entry upon property or a subpoena served pursuant to rule 205.3. *See* TEX. R. CIV. P. 215.2(c). Neither of those conditions exists here.

Appellees contend that Guillen's letters should be treated as requests for production because the letters were signed by an attorney, include the attorney's contact information, identify the documents to be produced, and warned that a motion to compel would be filed if the requested documents were not provided. The cases to which Appellees cite in support of this contention are not persuasive, and we therefore disagree. The rules clearly provide that in order to obtain the production of documents from a non-party, a party must serve a notice to produce documents and a discovery subpoena. TEX. R. CIV. P. 205.3(a). The notice and subpoena must be served on the non-party and on all other parties to the litigation. TEX. R. CIV. P. 205.2.

When a non-party refuses to comply with a subpoena to produce documents, the trial court can treat the non-compliance as contempt. *See* TEX. R. CIV. P. 176.8(a), 205.3(a), 215.2(c); *City of Houston v. Chambers*, 899 S.W.2d 306, 309 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). In this instance, Leshin was not served with a subpoena and the court had not previously entered any order requiring Leshin to produce the requested documents. Even when a non-party is found guilty of contempt for failure to comply with a subpoena or previous order, the permissible sanctions are limited, and notably do not include an award of reasonable and necessary attorney's fees payable to another party. *See* TEX. GOV'T CODE ANN. § 21.002(b) (West 2004) (listing available punishments for contempt as a fine of not more than $500.00, or confinement of not more than six months, or both); *see also In re Acceptance Ins. Co.*, 33 S.W.3d 443, 450 (Tex. App.—Fort Worth 2000, orig. proceeding).

Here, rule 215 does not authorize the trial court's awarded sanctions against Leshin. Leshin was not a party or a representative of any party at the time the motion to compel and for sanctions was filed. He was not served with a subpoena to produce the requested documents nor was he obligated to produce the documents under a previous trial court order. We conclude the trial court abused its discretion in ordering Leshin to pay attorney's fees to Benavides's estate as a sanction pursuant to rule 215.[1]

**Production of client file**

In the first issue, Leshin contends the trial court abused its discretion in ordering the production of Benavides's client file because the documents are exempt from discovery and protected by the attorney-client privilege.

Communications between a client and counsel are indeed generally protected from disclosure to third parties. *See* TEX. R. EVID. 503(b). However, the attorney-client privilege belongs to the client, not the attorney, and must be invoked on the client's behalf. *West v. Solito*, 563 S.W.2d 240, 244 n.2 (Tex. 1978). While an attorney is presumed to have the authority to assert the privilege on his client's behalf, the attorney may not assert the privilege in his own individual capacity. *See, e.g., Cole v. Gabriel*, 822 S.W.2d 296, 296 (Tex. App.—Fort Worth 1991, orig. proceeding).

To the extent Leshin purports to argue on behalf of Benavides that the trial court's order violates Benavides's attorney-client privilege, we conclude Leshin is without authority to do so. The trial court found in May 2012 that Leshin had no authority to represent Benavides. This court affirmed that finding on appeal. *In re Guardianship of Benavides*, 403 S.W.3d at 377. The trial

---

[1] Because we conclude the trial court abused its discretion in awarding any sanctions pursuant to rule 215, we do not reach Leshin's further argument that the amount of the sanction awarded was not supported by the evidence offered at the hearing.

court has appointed a permanent guardian of Benavides's person; appointed a permanent guardian of Benavides's estate with the power to file, prosecute or defend any litigation on behalf of the ward; and continued the appointment of Benavides's attorney ad litem to represent Benavides with respect to any and all on-going litigation concerning the ward's interests. Any complaint that the trial court's order requiring Leshin to produce his client file to Guillen violates Benavides's attorney-client privilege could be asserted by a proper representative. *See* TEX. R. EVID. 503(c). Because Leshin is without authority to represent Benavides's interests, he is also without authority to raise this issue for Benavides on appeal.

We nevertheless agree that the trial court abused its discretion in granting the motion to compel because Leshin was not properly before the court. Generally, a trial court only has control over those parties properly before the court. *See Haas v. George*, 71 S.W.3d 904, 915 (Tex. App.— Texarkana 2002, no pet.). There is no dispute that Leshin was not a party to the guardianship proceeding at the time the documents were requested or at the time of the trial court's order. Guillen did not seek to compel the production of the requested documents by service of a subpoena as required by rule 205. *See* TEX. R. CIV. P. 205.1, 205.3. Accordingly, the order granting the motion to compel production of the file was not entered pursuant to the procedural rules. A trial court's order requiring production beyond what is permitted by the procedural rules is an abuse of discretion. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

We conclude that the trial court's order compelling Leshin to produce Benavides's file was an abuse of discretion. Our conclusion should not be construed as a holding that Benavides, through a proper representative, is not entitled to request and obtain his client file from Leshin, only that the trial court's order in this instance was not in keeping with the procedural rules. *See, e.g., In re George*, 28 S.W.3d 511, 516 (Tex. 2000) (orig. proceeding) ("The attorney is the agent of the client, and the work product generated by the attorney in representing the client belongs to

the client."); *see also* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.15(d), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013).

## CONCLUSION

We reverse the trial court's February 5, 2013 order compelling Leshin to produce Benavides's file and to pay $1,500.00 in attorney's fees as a sanction and render judgment that Guillen take nothing by his request for sanctions against Leshin.

Luz Elena D. Chapa, Justice