Opinion filed December 18, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00151-CV
_____

## IN THE MATTER OF THE ESTATE OF SWEETIE J. BOYLE, DECEASED

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. P11,674**

### MEMORANDUM OPINION

This is an appeal from the County Court at Law No. 2 of Midland County, sitting in probate. A bank that was a predecessor in interest of Appellee, JPMorgan Chase Bank, National Association (JPMorgan), filed the underlying probate proceeding in 1996. The bank's successor in interest filed a petition for declaratory judgment in the probate proceeding in 1999. Appellant, Richard D. Jones Jr. (Jones), appeals from an order entered approximately thirteen years later in which the trial court granted a traditional summary judgment and a no-evidence summary judgment in favor of JPMorgan. We affirm.

## I. *Background Facts*

In 1981, Sweetie J. Boyle executed a will. The beneficiaries under the will included Sweetie's daughter, Mary Catherine Jones (Mary); Sweetie's grandson, Jones; and Sweetie's great-granddaughter, Angela Leigh Simpson (Angela). Angela has also been known as Angela Starrett and Angela Militello.

Sweetie's mental condition began to deteriorate in the 1980s. She was diagnosed with Alzheimer's disease. In 1988, Sweetie was adjudicated incompetent, and Mary was appointed to serve as the guardian of Sweetie's person and estate. In November 1988, Mary, in her capacity as guardian, filed an application in the County Court of Midland County to make gifts on behalf of Sweetie's guardianship estate to Sweetie's heirs. The court approved Mary's application for a gifting plan. Under the plan, Mary delivered to First City National Bank (First City), JPMorgan's predecessor in interest, the sum of $600,000 to hold in trust. The trust was created, and the trust funds were designated to three separate trusts: the "Mary Catherine Jones 1988 Trust," the "Richard Donald Jones, Jr. 1988 Trust," and the "Angela Leigh Simpson 1988 Trust." First City served as trustee of these trusts.

Mary died in 1992. In June 1992, First City was appointed as the successor guardian of Sweetie's estate, and William Pennebaker of the law firm of Stubbeman, McRae, Sealy, Laughlin & Browder was appointed the successor guardian of Sweetie's person. In November 1992, Jones was appointed as the successor guardian of Sweetie's person.

In November 1994, Texas Commerce Bank N.A. (Texas Commerce), a successor in interest to First City, filed an application to make additional gifts from Sweetie's guardianship estate to her heirs. The court approved the gifting plan. The plan created, in part, the "Richard Donald Jones, Jr. 1994 Family Trust." The

2

corpus of this trust was divided into two equal shares that were called the 1998 Share and the 2010 Share.

Sweetie died on December 14, 1996. Texas Commerce filed Sweetie's will for probate in Cause No. P11,674. The court appointed Texas Commerce as the independent executor of Sweetie's estate. Under her will, Sweetie gifted her residuary estate in equal shares to two trusts: (i) the Mary Catherine Jones Trust and (ii) the Mary Catherine Jones Family Trust (the "Boyle Will Trust"). The beneficiaries of the Boyle Will Trust were Jones, Angela, and their descendants.

On February 24, 1999, Chase Bank of Texas, N.A. (Chase)—a successor in interest to Texas Commerce and a predecessor in interest to JPMorgan—filed a petition for declaratory judgment in the underlying probate proceeding. Chase sought declarations from the trial court (1) that all matters entrusted to Chase had been handled and accounted for in accordance with the law, (2) that Chase had no further duties or responsibilities to the beneficiaries or contingent beneficiaries of Sweetie's will resulting from Sweetie's will and Chase's administration of the estate, and (3) that Chase had no liability to any of the beneficiaries or contingent beneficiaries as a result of its administration of the estate. In support of its request for declaratory relief, Chase filed a final accounting related to Sweetie's estate as an exhibit to its petition for declaratory judgment.

Also on February 24, 1999, Chase filed a petition in the 238th District Court of Midland County, styled *In the Matter of the Trusts Created for the Benefit of Richard Donald Jones, Jr. and Angela Starrett*, Cause No. CV42520. In the petition, Chase sought an order discharging it from any further duties or liabilities to the beneficiaries of the trusts with respect to Chase's administration of the trusts.

On February 17, 2000, Jones and Angela filed a combined counterclaim and original petition in the probate proceeding. They alleged claims against Chase in the counterclaim. They alleged claims against Pennebaker and Pennebaker's law

3

firm (lawyer defendants) in the petition. Jones and Angela alleged that Chase and the lawyer defendants had committed numerous acts of mismanagement, misconduct, and breach of fiduciary duty in connection with the management of Sweetie's assets and estate, both before and after Sweetie's death. Jones and Angela also alleged numerous claims against Chase in connection with its administration of the above-described trusts. On the same date, Jones and Angela filed an identical counterclaim and original petition in the district court action. Angela later nonsuited her claims in both cases.

In the probate cause, Chase filed a motion for summary judgment based upon the grounds that the *D'Oench, Duhme*[1] doctrine barred Jones's claims that accrued before February 13, 1993, and that the statute of limitations barred Jones's claims that accrued before February 16, 1996. The lawyer defendants moved for summary judgment based upon numerous affirmative defenses.

On May 23, 2001, the trial court entered an order granting partial summary judgment in favor of Chase on the grounds that the *D'Oench, Duhme* doctrine barred claims that accrued before February 13, 1993, and that limitations barred claims that accrued before February 16, 1996. In the same order, the trial court granted summary judgment to the lawyer defendants. The trial court severed Jones's claims against the lawyer defendants from the remainder of the suit so that the summary judgment in favor of the lawyer defendants would become final.

Jones appealed the summary judgment order in favor of the lawyer defendants to the El Paso Court of Appeals. *See Jones v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.*, No. 08-01-00202-CV, 2002 WL 1301342 (Tex. App.—El Paso June 13, 2002, no pet.) (not designated for publication). The El Paso Court affirmed the summary judgment order in part, reversed it in part, and remanded the case to the trial court for further proceedings on the reversed claims.

---

[1] *See D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447 (1942).

4

*Id.* at *8. In 2004, the trial court entered orders granting summary judgment to the lawyer defendants on Jones's remaining claims against them. Jones did not appeal those orders.

In September 2008, JPMorgan, as a successor to Chase, filed a no-evidence motion for summary judgment as to Jones's remaining claims against it in the probate proceeding. In November 2008, Jones filed a counterclaim and amended petition against Chase. Jones's 2008 counterclaim was essentially the same as his 2000 counterclaim. In response, JPMorgan filed a supplemental no-evidence motion for summary judgment. Jones nonsuited his claims against JPMorgan in the probate proceeding the day before a hearing was scheduled to take place on JPMorgan's no-evidence motion for summary judgment.

In July 2011, JPMorgan filed an amended motion to dismiss the district court proceeding. It asserted that the district court lacked subject-matter jurisdiction over Jones's claims that related to probate court matters, such as claims concerning Sweetie's estate, and that the probate court had dominant jurisdiction over Jones's other claims that were pending in district court. Jones agreed to a dismissal of the case in district court based on a lack of subject-matter jurisdiction. On November 30, 2011, the district court entered an agreed order granting JPMorgan's amended motion to dismiss for lack of subject-matter jurisdiction.

On January 26, 2012, Jones filed another counterclaim and an amended petition against Chase in the probate court proceeding. The allegations and claims in Jones's twenty-six page 2012 counterclaim were identical to the allegations and claims in his 2008 counterclaim in the probate proceeding.

Jones alleged claims against Chase for breaches of common-law fiduciary duties and for violations of various provisions of the Texas Probate Code and the Texas Property Code. Jones also alleged that Chase breached its fiduciary duties to him in multiple respects as follows: engaging in self-dealing; negligently

mismanaging the trusts; mismanaging municipal or bearer bonds and failing to account for the bonds; acting with conflicts of interest; mismanaging AT&T stock; failing to lease land in Scurry County, Texas; failing to exercise reasonable care and skill in handling the estates; failing to maintain control of estate assets; failing to keep and render proper accounts; failing to preserve estate property; failing to enforce claims; failing to segregate estate property; conspiring with the lawyer defendants; breaching its fiduciary duties and duties of loyalty in the Ike Lovelady transaction; and negligently failing to do estate tax planning. The most recent conduct that Jones complained about allegedly occurred in 1998. Jones sought to recover actual damages in the maximum amount of $25,000,000. He also sought to recover punitive damages.

JPMorgan, as a successor to Chase, answered Jones's counterclaim. On October 19, 2012, JPMorgan filed a traditional motion for summary judgment based on affirmative defenses and a separate no-evidence motion for summary judgment on all of Jones's claims. These motions for summary judgment are the motions leading to the summary judgment order that is the subject of this appeal. The trial court scheduled JPMorgan's motions for hearing on November 15, 2012. Jones requested a continuance of the hearing. JPMorgan did not oppose the continuance. The trial court granted the continuance and reset the hearing for November 29, 2012.

Jones filed a response to the motions. In his response, he moved for a continuance of the hearing on JPMorgan's no-evidence motion for summary judgment. The trial court denied Jones's motion for continuance and heard the motions. On appeal, Jones does not challenge the denial of his motion for continuance. On February 8, 2013, the trial court entered an order granting JPMorgan's motions for summary judgment. The trial court's order was general in

nature; the trial court did not specify the ground or grounds upon which it relied in granting summary judgment. Jones appeals the summary judgment order.

## II. *Issues on Appeal*

Jones presents four issues for review. In his first issue, he contends that the trial court's February 8, 2013 summary judgment order fails to dispose of all parties and claims and that, therefore, the order is not final and appealable or, alternatively, is final and erroneous. Based on these contentions, Jones asserts that this appeal must be dismissed for lack of jurisdiction or that this cause must be remanded to the trial court for a hearing on the remaining issues. In his second issue, Jones argues that the trial court erred in granting traditional summary judgment to JPMorgan based on limitations because Jones filed his 2012 counterclaim in probate court within sixty days of the dismissal of the case in district court for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 16.064 (West 2008). In his third issue, Jones contends that the trial court erred by granting JPMorgan a traditional summary judgment on its affirmative defenses. In his fourth issue, Jones contends that the trial court erred by granting JPMorgan's no-evidence motion for summary judgment.

## III. *Finality of Judgment*

Jones contends in his first issue that the trial court's order granting summary judgment is not final because it did not dispose of JPMorgan's claims for declaratory relief contained in its original pleading filed in 1999. Generally, courts of appeals have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* This case was filed in a court sitting in probate. Probate proceedings are an exception to the "one final judgment" rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). In probate cases, "multiple judgments final for purposes of appeal can be rendered on

7

certain discrete issues." *Id.* (quoting *Lehmann*, 39 S.W.3d at 192). In a probate proceeding, an order is final and appealable before the entire proceeding is concluded if the order disposes of all parties or issues in a particular phase of the proceedings. *Id.* at 579; *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *In re Guardianship of Benavides*, 403 S.W.3d 370, 374 (Tex. App.—San Antonio 2013, pet. denied). However, if the order does not end a phase of the proceedings, but only "sets the stage" for the resolution of all proceedings, the order is interlocutory. *De Ayala*, 193 S.W.3d at 579.

In 1999, Chase, as the independent executor of Sweetie's estate, filed its petition for declaratory judgment in the probate proceeding. Chase named numerous interested parties in its petition: (1) a trustee not yet appointed of a share of the Mary Catherine Jones Family Trust (for the benefit of Jones and his descendants) created by Sweetie's will; (2) Jones, as a beneficiary under Sweetie's will; (3) Angela, as a beneficiary under Sweetie's will; (3) Angela's son, Tanner, as a beneficiary under Sweetie's will; and (4) five charitable organizations as contingent remainder beneficiaries of trusts created by Sweetie's will.

Chase attached a final accounting related to Sweetie's estate as an exhibit to its petition for declaratory judgment. In its petition, Chase sought orders from the trial court approving the final accounting and finding that all matters entrusted to Chase had been handled and accounted for in accordance with the law. Chase also sought a declaratory judgment from the trial court that Chase had no further duties or responsibilities to the beneficiaries or contingent beneficiaries as a result of Sweetie's will and Chase's administration of the estate and that Chase had no liability to any of the beneficiaries or contingent beneficiaries as a result of its administration of the estate. Chase did not seek to recover attorney's fees. Nor did Chase seek to recover damages from any party.

In response to Chase's petition for declaratory judgment, Jones filed his 2012 counterclaim against Chase, a predecessor in interest to JPMorgan, for Chase's alleged breaches of fiduciary duty. By his claims, Jones asserted that Chase was liable to him as a result of its administration of Sweetie's estate. Jones's requested relief directly opposed the declaratory relief that Chase sought in its petition—that it had no liability to him as a beneficiary as a result of its administration of Sweetie's estate. In the February 8, 2013 summary judgment order, the trial court granted summary judgment to JPMorgan on all of Jones's claims for affirmative relief. Accordingly, the order necessarily disposed of JPMorgan's competing request for declaratory relief that it had no liability to Jones. Therefore, the order disposed of all issues between Jones and JPMorgan. We conclude that the trial court's summary judgment order concluded the phase of the proceedings related to the "discrete issue" of JPMorgan's liability to Jones, if any. *See De Ayala*, 193 S.W.3d at 578. Because the order disposed of a discrete issue, the order was final and appealable. Jones's first issue is overruled.

IV. *Trial Court's Order Granting Summary Judgment*

JPMorgan asserted both traditional and no-evidence grounds for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). Where, as here, the trial court does not specify the ground or grounds on which it relied in granting summary judgment, we must affirm the summary judgment if any summary judgment ground advanced by the movant is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). We find JPMorgan's no-evidence grounds for summary judgment dispositive of this appeal. Accordingly, we initially address Jones's fourth issue concerning JPMorgan's no-evidence motion for summary judgment. *See BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 509 (Tex. App.—San Antonio 2013, pet. denied) (court first addressed the no-evidence motion for summary judgment because the

9

disposition of the no-evidence motion could moot the traditional motion); *see also Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

V. *Review of No-Evidence Summary Judgment*

JPMorgan's no-evidence motion for summary judgment addressed all of Jones's claims. In his fourth issue, Jones raises three contentions in support of his argument that the trial court erred in granting the no-evidence summary judgment to JPMorgan: (1) that JPMorgan's no-evidence motion was procedurally improper because it failed to comply with the requirements of Rule 166a(i) of the Rules of Civil Procedure; (2) that JPMorgan could not properly challenge his breach of fiduciary duty claims with a no-evidence motion for summary judgment because JPMorgan had the burden of proof to rebut his self-dealing claims; and (3) that his summary judgment evidence raised fact issues on his claims.

### A. *Adequacy of Motion*

Rule 166a(i) provides that, "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). In this case, more than adequate time for discovery passed before JPMorgan filed its no-evidence motion for summary judgment. JPMorgan filed the motion more than twelve years after Jones initially asserted his claims in his 2000 counterclaim. Rule 166a(i) requires that no-evidence motions for summary judgment "state the elements as to which there is no evidence." *Id.* The comments to Rule 166a(i) state that "[t]he motion must be specific in challenging the evidentiary support for an element of a claim or defense" and that "paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a(i) cmt.

Jones contends that JPMorgan's no-evidence motion for summary judgment was procedurally improper because it was "overly broad, non-specific and required [him] to marshal his evidence prior to trial on the merits." He complains that JPMorgan did not challenge specific elements but, instead, challenged "every single element of every cause of action asserted by [him] in his counterclaim."

Rule 166a(i) does not limit the number of elements of claims that a party may challenge in a no-evidence motion for summary judgment. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 861 (Tex. App.—Dallas 2005, no pet.); *Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 279–80 (Tex. App.—El Paso 2004, no pet.); *see Gourrier v. Joe Myers Motors, Inc.*, 115 S.W.3d 570, 574 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (a challenge to forty-one elements or combination of elements was sufficiently specific). Thus, a defendant may challenge every element of the plaintiff's claims, as long as each element is distinctly and explicitly challenged. *Cmty. Initiatives*, 153 S.W.3d at 280.

JPMorgan challenged every element of Jones's claims in its no-evidence motion for summary judgment. In the motion, JPMorgan identified the challenged claims, listed the elements of the claims, specifically identified each challenged element of each claim, and asserted that Jones had no evidence to support the elements of the claims. JPMorgan distinctly and explicitly challenged each of the elements of Jones's claims. The motion was not conclusory and did not constitute a general no-evidence challenge to Jones's claims. We conclude that JPMorgan's motion complied with the requirements of Rule 166a(i). *Nelson*, 170 S.W.3d at 861–62.

We note that JPMorgan's no-evidence motion did not require Jones to marshal all his evidence before trial. Instead, Jones's only requirement under Rule 166a(i) was to present more than a scintilla of evidence to raise a genuine issue of

material fact on the challenged elements. *McMahon v. Zimmerman*, 433 S.W.3d 680, 689 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

### B. Burden of Proof on Jones's Claims

Jones argues that JPMorgan's no-evidence motion for summary judgment was improper because JPMorgan had the burden of proof to rebut his breach of fiduciary duty claims. A movant cannot obtain a no-evidence summary judgment on a claim or defense on which the party has the burden of proof at trial. *Foreman v. Whitty*, 392 S.W.3d 265, 279 (Tex. App.—San Antonio 2012, no pet.).

Ordinarily, to prevail on a claim for breach of fiduciary duty, the plaintiff must prove (1) that a fiduciary relationship existed between the plaintiff and the defendant, (2) that the defendant breached its fiduciary duty to the plaintiff, and (3) that the breach resulted in an injury to the plaintiff or a benefit to the defendant. *Zhu v. Lam*, 426 S.W.3d 333, 339 (Tex. App.—Houston [14th Dist.] 2014, no pet.). However, when a plaintiff alleges self-dealing by the fiduciary as part of a claim for breach of a fiduciary duty, a presumption of unfairness arises. *Fleming v. Curry*, 412 S.W.3d 723, 732 (Tex. App.— Houston [14th Dist.] 2013, pet. denied); *Cluck v. Mecom*, 401 S.W.3d 110, 114 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Self-dealing can be generally defined as an occurrence in which the fiduciary uses the advantage of his position to gain a benefit at the expense of those to whom he owes a fiduciary duty. *Mims-Brown v. Brown*, 428 S.W.3d 366, 374 (Tex. App.—Dallas 2014, no pet.).

The presumption of unfairness applies to transactions between a fiduciary and a principal in which the fiduciary profits or obtains a benefit. *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 508–09 (Tex. 1980) (presumption applied to transactions in which the fiduciary transferred the principal's money to the fiduciary's personal account); *Celmer v. McGarry*, 412 S.W.3d 691, 706 (Tex. App.—Dallas 2013, pet. denied) (presumption applied to a fee agreement between

a fiduciary (lawyer) and his client). In such cases, the profiting fiduciary bears the burden to rebut the presumption by proving the fairness of the questioned transaction. *Moore*, 595 S.W.2d at 508–09; *Lundy v. Masson*, 260 S.W.3d 482, 505 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Jones made limited "self-dealing" allegations against JPMorgan in his counterclaim. Specifically, he alleged that "the bank transferred assets[,] including stocks[,] bonds[,] and oil and gas working interests to entities called P M Adams Inc[.] and Adalin, Inc[.]" and that "both of these entities were, upon information and belief, controlled by business associates of or officers of the bank." Jones further alleged that "[b]oth transactions are improperly accounted for [and] constitute self-dealing, and resulted in losses to the estate." In the punitive damages section of his counterclaim, Jones alleged that "[t]he Bank knew of its fiduciary duties to the beneficiary and intentionally failed to exercise them as follows[:] . . . in self-dealing to the detriment of the estates with Anadarko[,] P M Adams Inc[.,] Adalin Inc[.,] and others."

Jones's "self-dealing" claims do not involve alleged transactions between JPMorgan, as a party, and Sweetie Boyle's estate, as a party, in which JPMorgan allegedly profited or obtained a benefit. He did not allege that JPMorgan entered into an agreement with the estate or that JPMorgan transferred estate assets to itself. Instead, Jones alleged that JPMorgan transferred estate assets to other parties, including P M Adams Inc., Adalin, Inc., and Anadarko. We conclude that the presumption of unfairness does not apply to the alleged transactions involving these parties. Therefore, JPMorgan did not have the burden of proof to rebut a presumption of unfairness with respect to the transactions. Instead, Jones carried the burden of proof on his breach of fiduciary duty claims. However, even if JPMorgan carried the burden to rebut the presumption of unfairness on certain transactions, Jones had the summary judgment burden to raise a fact issue on the

13

damages element of his claims for breach of fiduciary duty. *See Zhu*, 426 S.W.3d at 339 (plaintiff must show that the breach resulted in an injury to the plaintiff or a benefit to the defendant).

### C. Application of Standard of Review

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a no-evidence summary judgment under the same legal sufficiency standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.*; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A no-evidence motion is properly granted if the nonmovant fails to bring more than a scintilla of probative evidence to raise a genuine issue of material fact as to a challenged element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Ford Motor Co.*, 135 S.W.3d at 600; *King Ranch*, 118 S.W.3d at 751.

Jones contends that his summary judgment evidence was sufficient to raise fact issues on his claims. Specifically, he contends that the evidence raised fact issues on his claims for breach of common-law fiduciary duty, breach of statutory duties, civil conspiracy, and fraud. In his response to JPMorgan's no-evidence motion for summary judgment, Jones relied on summary judgment evidence that he had filed in response to earlier motions for summary judgment. He stated as follows in the response:

> By way of further reply, . . . Jones would attach and incorporate herein by reference and by way of summary judgment evidence, all the prior summary judgment evidence filed in connection with and addressed in Jones'[s] original summary judgment response on January 2, 2001 and located within the Court's file as well as the

summary judgment response and evidence filed by Jones on September 4, 2001 and incorporate both herein by reference.

In his response, Jones did not identify the evidence that he filed in connection with his January 2, 2001 response or with his September 4, 2001 response.

A review of the record shows that Jones filed excerpts from his 230-page deposition that was taken on September 27, 2000, and some of the exhibits to that deposition as summary judgment evidence with his January 2, 2001 response. The record also shows that Jones filed his entire September 27, 2000 deposition and some of the exhibits to that deposition as summary judgment evidence with his September 4, 2001 response. Thus, in his response to JPMorgan's no-evidence motion for summary judgment filed in 2012, Jones incorporated by reference as summary judgment evidence his September 27, 2000 deposition testimony and some of the exhibits to his deposition. Jones did not file any additional summary judgment evidence with his response. Jones merely incorporated over two hundred pages of earlier summary judgment evidence in his response to JPMorgan's no-evidence motion. He did not cite any specific evidence or point out any specific evidence that he contended raised a fact issue on any of the elements of his claims.

In response to a no-evidence ground for summary judgment, the nonmovant must specifically point out the evidence that raises a genuine issue of material fact as to each challenged element. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The nonmovant cannot meet its summary judgment burden to raise a fact issue by merely incorporating hundreds of pages of evidence and generally claiming that the evidence raises a fact issue. *Id.* at 330–32. Otherwise, the trial court would have the onerous task of searching the summary judgment evidence to determine whether a genuine issue of material fact has been raised as to each challenged element. Such a procedure would place an unreasonable burden on the trial court. *Id.* at 331. Because Jones

did not point out evidence that allegedly raised fact issues on the challenged elements of his claims, his response was insufficient to raise a fact issue on his claims. Therefore, we conclude that the trial court did not err by granting JPMorgan's no-evidence motion for summary judgment.

Additionally, we have reviewed Jones's September 27, 2000 deposition in its entirety. Based on our review, we conclude that his deposition testimony provides no more than conclusory testimony and mere speculation on his part that JPMorgan breached any duty to him and that JPMorgan's alleged breaches caused him any damages. Conclusory testimony is not competent summary judgment evidence and is insufficient to create a question of fact to defeat summary judgment. *McIntyre v. Ramirez*, 109 S.W.3d 741, 749 (Tex. 2003); *Montoya v. Nichirin-Flex U.S.A., Inc.*, 417 S.W.3d 507, 513 (Tex. App.—El Paso 2013, no pet.). Likewise, testimony that amounts to nothing more than speculation is not competent summary judgment evidence. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997). Thus, even assuming that Jones's deposition was properly before the trial court for consideration as summary judgment evidence, Jones's testimony was insufficient to raise fact issues on his claims.

Jones's fourth issue is overruled. Based on our ruling on Jones's fourth issue, we need not address his second and third issues. *See* TEX. R. APP. P. 47.1.

## VI. *This Court's Ruling*

We affirm the order of the trial court.


December 18, 2014                                        JOHN M. BAILEY

Panel consists of: Wright, C.J.,                         JUSTICE
Bailey, J., and Judge Rucker.[2]

Willson, J., not participating.

---

[2]Dean Rucker, Judge, 318th District Court, Midland County, Texas, sitting by assignment.