**Opinion filed December 8, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00004-CV

_____

## IN THE MATTER OF THE ESTATE OF
## MILDRED L. ETHRIDGE, DECEASED

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. P-10778**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a written order entitled "Order Determining Estate Distribution." The trial court entered the order based upon its determination that it needed to make a preliminary ruling to determine if Appellees had standing to challenge the actions of Appellant, Fred D. Davis, Jr., in his role as the independent executor of the Estate of Mildred L. Ethridge, deceased. We dismiss for want of jurisdiction.

*Background Facts*

On March 13, 1990, the decedent executed a typewritten will that she drafted without consulting an attorney. She died on January 9, 1994, and the will was admitted to probate on April 7, 1994. The county court at law authorized Appellant to receive "Letters Testamentary" as the independent executor of the decedent's estate.

Approximately twenty years later, Appellee John Wright Ethridge, Jr. filed an application for removal of Appellant as the independent executor of the Estate. Appellee John McCarty also filed an application to appoint a successor independent executor. Appellees based their claims on the assertion that they were heirs at law of the decedent and that various mineral royalty interests possessed by the decedent did not pass pursuant to the terms of her will.

The trial court held a hearing on September 10, 2015, to consider the various claims of the parties. Appellant asserted at the outset of the hearing that Appellees did not have standing to either seek his removal or obtain an accounting from him because the decedent's will distributed her entire estate to him as the sole devisee named in her will. The trial court announced during the hearing that it would need to make a determination concerning the distribution of property made by the will in order to determine if Appellees' claims were moot. The trial court subsequently entered an "Order Determining Estate Distribution" wherein it determined that a portion of the decedent's estate passed to her heirs at law under intestacy because she did not bequeath her entire estate to Appellant. The trial court made this determination based upon its interpretation of the will's language. Appellant appeals from the trial court's order asserting that the trial court improperly interpreted the will.

*Analysis*

Appellees assert in their brief that we are without jurisdiction to consider this appeal because it is not from an appealable order. We agree. Generally, appeals may only be taken from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* This case was filed in a court sitting in probate. "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192).

In a probate proceeding, an order is final and appealable before the entire proceeding is concluded if the order disposes of all parties or issues in a particular phase of the proceedings. *Id.* at 579; *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *In re Guardianship of Benavides*, 403 S.W.3d 370, 374 (Tex. App.—San Antonio 2013, pet. denied). However, if the order does not end a phase of the proceedings, but only "sets the stage" for the resolution of all proceedings, the order is interlocutory. *De Ayala*, 193 S.W.3d at 579.

In *De Ayala*, the supreme court held that the trial court's order denying a plea to the jurisdiction and refusing to remove an executor was not appealable. *Id.* at 578. The court explained that "an order denying a motion to dismiss an entire proceeding for want of subject matter jurisdiction is more like a prelude than a finale."[1] *Id.* The supreme court explained that "the trial court's order was interlocutory because it did not dispose of all parties or issues in a particular phase of the proceedings." *Id.* at

---

[1]The court noted in *De Ayala* that the parties did not seek a severance prior to appealing the trial court's order. 193 S.W.3d at 578. The court further noted that a severance would not have been appropriate because the trial court's order did "not dispose of a claim that, if asserted independently, would be the proper subject of a lawsuit." *Id.* As was the case in *De Ayala*, the parties in this appeal did not seek a severance after the trial court entered its order determining estate distribution.

3

579.  "Because an order denying a plea to the jurisdiction and refusing to remove an executor does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory." *Id.*

The order that Appellant appeals from is analogous to the order at issue in *De Ayala*.  Appellant sought to end the proceedings by asserting that Appellees were not interested parties in the decedent's estate because she left her entire estate to Appellant.  Accordingly, the trial court determined that it needed to make a preliminary ruling to determine if Appellees had standing to challenge Appellant's actions as executor.  The trial court's order had the practical effect of denying Appellant's request to dismiss the proceedings.[2]  Accordingly, the trial court's order determining estate distribution did not end a stage of the proceedings.  As was the case in *De Ayala*, the order was "more like a prelude than a finale."  We conclude that we are without jurisdiction to consider an appeal from this interlocutory order.

*This Court's Ruling*

We dismiss this appeal for want of jurisdiction.

JOHN M. BAILEY
JUSTICE

December 8, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]Chapter 202 of the Texas Estates Code provides for a proceeding to declare heirship of a decedent. *See* TEX. EST. CODE ANN. ch. 202 (West 2014 & Supp. 2016).  Section 202.202 provides that the judgment in a proceeding to declare heirship is a final judgment for appellate purposes.  This provision is inapplicable because this is not an appeal from a proceeding to declare heirship of a decedent.

4