Daniel Alexander BOUDREAU
& Robert James Fox,
Appellant,

v.

FEDERAL TRUST BANK, Appellee.

No. 05–02–01160–CV.

Court of Appeals of Texas,
Dallas.

Aug. 25, 2003.

Rehearing Overruled Oct. 8, 2003.

Daniel Alexander Boudreau, Mesquite, pro se.

Robert James Fox, Mesquite, pro se.

Lyndel Ray Tipton, Dallas, for appellee.

Before Justices JAMES, FRANCIS, and LANG.

## OPINION

Opinion by Justice LANG.

Daniel Alexander Boudreau and Robert James Fox appeal the summary judgment rendered against them in favor of Federal Trust Bank. In two points of error, Boudreau and Fox argue the trial court erred by (1) denying their motions to challenge the authority of Federal's counsel, and (2) granting summary judgment in Federal's favor. For reasons that follow, we affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the non-judicial foreclosure of a residence property in Mesquite, Texas. Boudreau was the mortgagor of the 1985 loan used to obtain the property. Fox leased the property from Boudreau. In 1998, Boudreau defaulted on the mortgage. Then, the holder of the note, one of Federal's predecessors-in-interest,[1] foreclosed on the property. Boudreau and Fox refused and continue to refuse to vacate the property. Federal's immediate predecessor-in-interest, BankAtlantic Capital Markets Group, brought suit to quiet title, try title, and gain possession of the property in 2000. In May 2000, BankAtlantic assigned its interest in the property to Federal.

Boudreau and Fox challenged the authority of L.R. Tipton and the law firm of Barrett Burke Wilson Daffin Castle & Frappier L.L.P. ("Barrett Burke") as Federal's counsel in this case, pursuant to rule 12 of the Texas Rules of Civil Procedure. Subsequently Federal filed a motion for summary judgment against Boudreau and Fox. In March 2002, the rule 12 issue was referred to a master, who heard arguments from the parties and then denied the challenge. In May 2002, the trial court reviewed the master's ruling de novo. The court denied Boudreau and Fox's rule 12 challenge and then granted summary judgment in favor of Federal. Boudreau and Fox appeal these latter rulings in the instant appeal.

### CHALLENGE TO AUTHORITY OF COUNSEL

In their first point of error, Boudreau and Fox argue the trial court erred in denying their challenge to the authority of counsel. Texas civil procedure rule 12 allows a party to argue before the trial court that the law suit is being prosecuted or defended without authority. TEX.R. CIV. P. 12. The challenged attorney must appear before the court and show his authority to act. *Id.* At the hearing on the motion, the burden of proof is on the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of his client, a party to the law suit. *Id.* If the challenged attorney fails to show authority, the trial court must refuse to permit the attorney to appear in the cause and must strike the pleadings if no other authorized person appears. *Id.* A trial

---

1. The record reflects the note was transferred by assignment on multiple occasions. This law suit only involves claims by Federal Trust Bank, which obtained its interest in the property from an assignment by BankAtlantic Capital Markets Group.

should not be unnecessarily continued or delayed for a rule 12 hearing. *Id.* The main purpose behind the rule is that a person is entitled to know which person or party in fact authorized the suit. *See Mobile Homes of Am., Inc. v. Easy Living, Inc.,* 527 S.W.2d 847, 848 (Tex.Civ.App.-Fort Worth 1975, no writ) (citing *Angelina County v. McFarland,* 374 S.W.2d 417 (Tex.1964)).

At the hearings on Boudreau and Fox's rule 12 challenge, Tipton presented an affidavit from Rhonda Bonner, an assistant vice-president of Federal, who confirmed that Federal had retained Barrett Burke to represent it and further that Barrett Burke had retained Tipton to assist on the case. Additionally, Darrell Clements, an attorney for Barrett Burke, testified at the hearings that his firm had been retained by Federal and had the authority to act on behalf of Federal in the instant case. Boudreau and Fox objected to the affidavit on the basis that it was hearsay. The trial court overruled the objection and ruled that Tipton and Barrett Burke had authority to act on behalf of Federal.

We agree with the trial court's ruling on the rule 12 challenge. The Bonner affidavit and testimony from Clements constituted sufficient evidence for Tipton and Barrett Burke to satisfy their burden of showing that they were prosecuting the case with authority from Federal. *See Spigener v. Wallis,* 80 S.W.3d 174, 184 (Tex.App.-Waco 2002, no pet.) (attorney satisfied rule 12 burden with testimony and affidavits from clients). The trial court did not err in so finding. We therefore overrule Boudreau and Fox's first point of error.

### SUMMARY JUDGMENT

In their second point of error, Boudreau and Fox argue the trial court erred by granting summary judgment in favor of Federal. First, Boudreau and Fox reassert their rule 12 argument, contending the granting of summary judgment is error because there was no evidence of authority by Tipton and Barrett Burke to act on behalf of Federal. Second, Boudreau and Fox argue the trial court erred in granting summary judgment because Federal failed to file its corporate charter. Finally, Boudreau and Fox contend the granting of summary judgment was error because they had filed a verified answer alleging that (1) Federal lacked the capacity to sue "as it was not the owner of the property," (2) Federal lacked authority to do business in Texas, and (3) Federal was not a corporation. We have already determined that Boudreau and Fox's argument as to Tipton and Barrett Burke's authority of counsel is without merit. We now address Boudreau and Fox's remaining arguments.

■ Boudreau and Fox claim that in order for a corporation to obtain summary judgment, the corporate charter must be introduced into evidence. They cite *Osborn v. United States Bank,* 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204 (1824), in support of their argument. *Osborn,* however, concerned the constitutionality of an Ohio state tax levied against the Bank of the United States. In no way does *Osborn* establish a procedural requirement from the United States Supreme Court that a corporate party deliver its charter into court. Boudreau and Fox's argument on this point is without merit.

■ As to their final argument, the record reflects that in response to Federal's motion for summary judgment, Boudreau and Fox filed two documents. First, they filed their "Objections to Summary Judgment." Second, they filed their "Answer to Summary Judgment." Neither response raises, even generally or impliedly, the issue of Federal's authority to do busi-

ness in Texas. Therefore, they have waived their argument on that issue. *See* TEX.R.APP. P. 33.1(a). As to the denial of Federal's status as a corporation, the only statement that could even possibly be construed as raising the argument is a statement in the "Answer to Summary Judgment" stating that "[T]here is no evidence that Plaintiff even exists." Likewise, the only potential argument raising the issue of "capacity to sue" based on lack of ownership of the property would be in Boudreau and Fox's suggestion in their "Objections to Summary Judgment" that the 1998 foreclosure was defective due to a lack of notice.

When a plaintiff moves for summary judgment, it must show that it is entitled to prevail on each element of its cause of action. *Ortega–Carter v. Am. Int'l Adjustment Co.*, 834 S.W.2d 439, 441 (Tex.App.-Dallas 1992, writ denied). Once the plaintiff establishes its right to summary judgment as a matter of law, the burden then shifts to the defendant as non-movant to present evidence that raises a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979). Here, Boudreau and Fox's responses fail to raise a fact issue. Instead, the responses simply make assertions and arguments. In view of Boudreau and Fox's failure to properly assert and raise a fact issue which would prohibit the granting of summary judgment in favor of Federal, we cannot declare the trial court to be in error. Accordingly, we overrule Boudreau and Fox's second point of error.

### CONCLUSION

We conclude the trial court did not err by overruling Boudreau and Fox's rule 12 challenge, nor did the court err by granting summary judgment in favor of Feder-al. Having overruled both of appellant's points of error, we affirm.