Daniel M. GOODENBERGER,
Appellant,

v.

James A. ELLIS, Jr., Appellee.

No. 05–10–00405–CV.

Court of Appeals of Texas,
Dallas.

May 26, 2011.

Rehearing Overruled June 23, 2011.

Lance V. Clack, Figari & Davenport, L.L.P., Dallas, TX, Ernest E. Figari, Jr., Figari, Davenport & Graves, L.L.P., Dallas, TX, for Appellant.

James A. Ellis, Ellis & Tierney LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion By Justice FRANCIS.

Daniel Goodenberger appeals the trial court's summary judgment in favor of James Ellis. In two issues, Goodenberger claims the trial court erred by granting summary judgment and by granting Ellis's objections to Goodenberger's summary judgment evidence. In a cross-issue, Ellis claims the trial court abused its discretion by denying his request for attorney's fees. We reverse the trial court's judgment to the extent it granted summary judgment on easement by estoppel and remand that issue to the trial court for further proceedings. In all other respects, we affirm the trial court's judgment.

On October 18, 2002, Bire Properties, Inc. acquired by deed a rectangular parcel of land containing approximately 1.24 acres. Eight months later, Bire filed a plat of the land, dividing it into four residential lots: Lot 12A, Lot 12B, Lot 12C, and Lot 12D. An alley runs along the north end of the four lots. As platted, Lot 12B is adjacent to Lot 12A on the west boundary. Lot 12B is L-shaped with the leg measuring 15 feet by 57.5 feet (the disputed tract). The disputed tract lies immediately to the north of Lot 12A and extends across the entire north end of Lot 12A. Bire sold Lot 12B to Surfside Development, Inc. d/b/a Elizabeth Newman Custom Homes (Newman Homes) on December 29, 2003. About two months later, Bire sold Lot 12A to Newman Homes.

Newman Homes built houses and other improvements on the two lots, including individual driveways and garages. Lot 12A also has a swimming pool. Newman Homes designed and constructed the houses and improvements on the two lots so the owners of Lot 12A would use the driveway leading to the alley by crossing the disputed tract. Newman Homes built a retaining wall and a fence dividing the two lots so the disputed tract was fenced off from the rest of Lot 12B. In October 2004, Newman Homes sold Lot 12B to the Jonathan and Taeri Oh. In late March 2005, Newman Homes sold Lot 12A to Elizabeth Newman, a shareholder and officer of the company.

In September 2008, Goodenberger bought Lot 12A from Newman. On December 15, 2008, Ellis bought Lot 12B from the Ohs. In February 2009, Ellis sent Goodenberger a letter informing him that he was "wrongfully occupying and fencing off" the disputed tract because it was Ellis's property. The letter asked Goodenberger to vacate the property. When the parties were unable to resolve the issue, Ellis filed a trespass to try title action. Goodenberger answered and asserted Ellis's claim was barred by the statute of limitations.

Ellis filed a traditional motion for summary judgment. In response, Goodenberger asserted he was entitled to an easement by estoppel, implied easement, and use of the public easement over the disputed land and attached two affidavits: his own and an unsigned affidavit of Elizabeth Newman. Goodenberger then filed an amended answer and counterclaim for a declaratory judgment that he and all subsequent owners of Lot 12A have an easement over the disputed tract and have the right to maintain the driveway over the disputed tract, and the owners of Lot 12B have no right to obstruct the driveway of Lot 12A.

Ellis then filed a no evidence motion for summary judgment asserting there was no evidence of any easement over the disputed property. After Goodenberger filed Newman's signed affidavit, Ellis filed objections to the two affidavits offered by Goodenberger. The trial court granted certain objections, denied the rest, and granted both motions for summary judgment. The trial court subsequently entered a final judgment, denying Ellis's claim for attorney's fees.

In his second issue, Goodenberger claims the trial court erred in granting Ellis's objections to Goodenberger's summary judgment evidence.

■ We first question whether Goodenberger adequately briefed this issue. To present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX.R.APP. P. 38.1; *McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). Existing legal authority applicable to the facts and the questions we are asked to address must be accurately cited and analyzed. *Bolling v. Farmers Branch Indep. Sch. Dist.,* 315 S.W.3d 893, 896 (Tex.App.-Dallas 2010, no pet.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.,* 251 S.W.3d 211, 212 (Tex.App.-Dallas 2008, no pet.).

■ Goodenberger's entire legal argument under this issue is:

> Those portions of Dr. Goodenberger's and Elizabeth Newman's affidavits which were struck were not hearsay or otherwise objectionable, but were verbal acts properly admissible to show the creation of an easement by estoppel. *See, e.g., Sanders v. Worthington,* 382 S.W.2d 910, 196 [sic] (Tex.1964) ("Declarations by an occupant of land are clearly admissible as verbal acts when offered solely for the purpose of ... coloring the occupation."). Accordingly, the objections should have been overruled.

The trial court granted six objections. Goodenberger does not explain why each objection was error or how the evidence he offered was not hearsay. He cites globally to one case in support of his contentions. We are not responsible for doing the legal research that might support a party's contentions. *Bolling,* 315 S.W.3d at 895.

Goodenberger's failure to adequately brief this issue waives this complaint on appeal. *See Shaw v. Trinity Highway Prod., LLC,* 329 S.W.3d 914, 920 (Tex.App.-Dallas 2010, no pet.).

We note another reason for waiving Goodenberger's second issue. Each of the six objections that was granted listed multiple grounds or bases for striking the objectionable sentence or paragraph. Although hearsay was frequently lodged as an objection, other grounds included that the statements were irrelevant, were defectively vague, and violated of the Statute of Frauds and the Statute of Conveyances. Goodenberger does not address those grounds. Because the trial court may have granted the objections for reasons other than hearsay and Goodenberger does not challenge those grounds, he has waived his complaint that the trial court erred by sustaining Ellis's objections to his summary judgment evidence. *See, e.g., Cantu v. Horany,* 195 S.W.3d 867, 871 (Tex.App.-Dallas 2006, no pet.). We overrule Goodenberger's second issue.

In his first issue, Goodenberger claims the trial court erred in granting Ellis summary judgment. Under this issue, Goodenberger does not contend Ellis failed to meet his initial summary judgment burden; rather, he contends the motion for summary judgment should have been denied because Goodenberger raised a genuine and material fact issue regarding his easement by estoppel, implied easement, and public easement defenses.

 When reviewing a no evidence summary judgment, we apply the same legal sufficiency standard of review that is applied when reviewing a directed verdict. *See RTLC AG Prods., Inc. v. Treatment Equip. Co.,* 195 S.W.3d 824, 829 (Tex.App.-Dallas 2006, no pet.). We determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* at 833. We view all the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered and disregard all contrary evidence and inferences. *See Merrell Dow Pharm. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *see also RTLC,* 195 S.W.3d at 829. A no evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *See RTLC,* 195 S.W.3d at 829.

This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet denied). When reviewing a traditional summary judgment, we apply well-known standards. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When a plaintiff moves for summary judgment, he must show he is entitled to prevail on each element of his cause of action. *Boudreau v. Fed. Trust Bank,* 115 S.W.3d 740, 743 (Tex.App.-Dallas 2003, pet. denied). Once the plaintiff establishes his right to summary judgment as a matter of law, the burden then shifts to the defendant as non-movant to present evidence that raises a genuine issue of material fact, thereby precluding summary judgment. *Id.* (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979)).

As previously noted, Goodenberger does not argue Ellis failed to meet his right to traditional summary judgment; rather, Goodenberger argues he met his burden by raising genuine issues of material fact regarding the existence of an easement and, therefore, Ellis was not entitled to either a traditional or no evidence summary judgment. In light of his argument, we address only whether Goodenberger

met his burden, as nonmovant, to raise fact issues.

■■■ Goodenberger first asserted he had an easement by estoppel. An easement is the privilege to use another tract of land for some limited purpose. *LaTaste Enter. v. City of Addison,* 115 S.W.3d 730, 735 (Tex.App.-Dallas 2003, pet. denied). The tract of land on which the easement is imposed is the servient estate—in this case, Lot 12B; the tract of land benefitted by the easement, Lot 12A, is the dominant estate. *See Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207 (Tex.1962). Although easements are typically evidenced by a writing or deed, an easement by estoppel is an exception to the statutes requiring a writing. *Storms v. Tuck,* 579 S.W.2d 447, 451 (Tex.1979); *Drye,* 364 S.W.2d at 209. Under the doctrine of easement by estoppel, the representations of the owner of the alleged servient estate may estop that owner from denying the existence of an easement when those representations have been relied on by the owner of the alleged dominant estate. *LaTaste,* 115 S.W.3d at 735. The elements of easement by estoppel are: (1) a representation, either by word or action, to the promisee; (2) the representation was believed; and (3) the promisee relied on the representation. *Drye,* 364 S.W.2d at 211; *LaTaste,* 115 S.W.3d at 735. These elements apply at the time the representation creating the alleged easement is made. *Holden v. Weidenfeller,* 929 S.W.2d 124, 131 (Tex.App.-San Antonio 1996, writ denied). Once created, an easement by estoppel is binding upon successors in title if reliance upon the existence of the easement continues. *Id.* However, an easement by estoppel may not be imposed against a subsequent purchaser for value who has no notice, actual or constructive, of the easement claimed. *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 873 (Tex.App.-Austin 1988, writ denied).

Goodenberger relied on the evidence presented in his and Newman's affidavits to establish a fact issue. Excluding the portions struck by the trial court, Newman's affidavit states she is an officer and shareholder of Newman Homes and that Newman Homes purchased both lots from Bire, although at different times. Newman Homes designed and constructed the houses and improvements on Lot 12A and Lot 12B so the subsequent owners of Lot 12A "would use the driveway on Lot 12A leading to the alley on the north side of the Lots. In furtherance of this intent, that portion of Lot 12B due north of Lot 12A was fenced off from the remainder of Lot 12B." Newman also testified Newman Homes used the driveway on Lot 12A "to access the improvements on Lot 12A during construction and the entire time the property was being marketed for sale to the public." Newman acquired title to Lot 12A and, when she did so, she believed she had the right to use Lot 12A's driveway to access the alley to the north of Lot 12A. She stated that when she conveyed Lot 12A to Goodenberger, it was clear and obvious that the driveway on Lot 12A allowed access from Lot 12A's garage to the alley.

Goodenberger stated Lot 12A is served by and utilizes only one driveway. He would not have purchased Lot 12A if he did not have the right to use the driveway on the lot. The previous owners of Lot 12B did not object to his use of the driveway nor did they indicate to Goodenberger they believed they owned the disputed tract.

This evidence raises a fact issue regarding whether Newman Homes made a representation by its actions, at a time when it owned Lot 12B, that future owners of Lot 12A would be able to access the alley from

their lot by using the driveway portion of the disputed tract. Newman's testimony also raises a fact issue that the representation regarding the use of the driveway was believed and relied on at the time the alleged driveway easement was made. Goodenberger's testimony raises a fact issue on actual or constructive notice of the easement. Because Goodenberger's evidence raised a fact issue on whether an easement by estoppel existed with respect to the driveway, we conclude the trial court erred in granting summary judgment on this ground.

 We reach a different conclusion when considering Goodenberger's arguments for an implied easement or a public easement. When a grantor conveys part of a tract of land while retaining the remaining acreage for himself, there is an implied reservation of a right of way by necessity over the land conveyed when no other access exists. *Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex.1984). To prove an implied easement, the owner of the alleged dominant estate (in this case, Goodenberger) must prove: (1) unity of ownership between the dominant and servient estates; (2) apparent use of the easement at the time the dominant estate was granted; (3) continuous use of the easement; and (4) that the easement is reasonably necessary to enjoy the use of the dominant estate. *See LaTaste*, 115 S.W.3d at 737. Whether these requirements are met is determined at the time of the severance of the estates. *Id.*

Goodenberger's evidence shows Bire owned a larger lot that was platted into four residential lots. Newman Homes bought the lots from Bire at different times; Lot 12B was the first lot to sell, and Lot 12A sold two months later. Newman Homes built the houses and improvements including the driveways. This evidence does not show there was unity of ownership when the dominant estate (Lot 12A) was granted or that there was apparent use of the easement when Lot 12A was granted. Because Goodenberger did not raise a fact issue regarding the existence of an implied easement, the trial court did not err in granting summary judgment in favor of Ellis with respect to Goodenberger's claim of an implied easement.

 Finally, Goodenberger argues Ellis could not bar Goodenberger from traveling across the disputed tract because the disputed tract falls within a utility easement. Goodenberger's entire argument is:

> The Disputed Tract falls with a utility easement, and the dedication thereof states that it shall be "open to the public." Accordingly [Ellis] may not bar [Goodenberger] from traveling across the Disputed Tract. *See Vrazel v. Sckrabanek [Skrabanek]*, 725 S.W.2d 709, 712 (Tex.1987) (holding that the owner of a servient estate subject to a public easement may not obstruct the easement).

Goodenberger does not analyze the law, apply it to the facts of his case, or cite us to evidence in the record supporting his claim. Goodenberger's failure to adequately brief this issue waives this complaint on appeal. *See U–Haul Int'l, Inc. v. Waldrip*, 322 S.W.3d 821, 851 (Tex.App.-Dallas 2010, pet. filed) (party waived argument by failing to present sufficient legal analysis or citation, other than general citation to rule). Furthermore, our review of the record shows Goodenberger presented no summary judgment evidence that a utility easement existed. The trial court did not err by granting Ellis summary judgment on Goodenberger's claim for a utility easement.

Goodenberger raised a genuine issue of material fact regarding the existence of an easement by estoppel on the driveway of Lot 12A; therefore, we reverse the trial

court's judgment to the extent it granted summary judgment on easement by estoppel and remand that issue to the trial court for further proceedings. Because we reverse the trial court's judgment in part, we do not address Ellis's cross-point that the trial court abused its discretion by denying his request for attorney's fees. *See Jensen Constr. Co. v. Dallas Cnty.*, 920 S.W.2d 761, 775 (Tex.App.-Dallas 1996, writ denied). In all other respects, we affirm the trial court's judgment.