**Affirmed and Opinion Filed May 13, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00173-CV

### ROBERT J. PITRE AND JORDAN PITRE, Appellants
### V.
### JOHN T. SHARP, AS ATTORNEY IN FACT FOR THOMAS H. SHARP, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-05074**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Francis

Robert Pitre and Jordan Pitre appeal the trial court's summary judgment in favor of John Sharp as attorney in fact for Thomas Sharp. In three issues, the Pitres claim they raised genuine issues of material fact precluding summary judgment and the trial court erred by refusing to strike the deemed admissions. We affirm.

H.R. Fender, Thomas Sharp, and Robert Pitre each owned an undivided one-third interest in real property in Dallas County, as evidenced by a 1980 warranty deed executed by Johnny Walker Jr. Pitre's one-third interest was purchased by Fender at a sheriff's sale on September 1, 1981 to satisfy a judgment lien, and the deed was recorded three days later. When Fender died in 1985, his two-thirds interest in the real property passed into a trust for his wife's benefit. She later died, and the two-thirds interest passed to Fender's sons, David and Fender Jr. David

transferred his interest to Fender Exploration & Production Company, L.P. In the spring of 2014, Fender Exploration & Production Company, L.P. and Fender Jr. conveyed their interests in the property to Sharp by special warranty deeds filed in Dallas County.

Thirty-two years after having lost the property at the sheriff's sale, Pitre executed a special warranty deed, purporting to convey an undivided one-fourth interest in the real property to his son Jordan. When Sharp discovered the cloud on his title to the property, he brought suit to quiet title and sought damages and attorney's fees under section 12.002 of the Texas Civil Practices and Remedies Code for the filing of a fraudulent lien.

The Pitres filed a general denial and raised the affirmative defense of promissory estoppel. They do not dispute that according to the Dallas County deed records, Sharp holds title to 100% of the real property. What Pitre contends is he is entitled to all the property based on an oral agreement he and his former partners, Fender and Sharp, had at the time of the 1981 sheriff's sale. According to Pitre, the oral agreement was that Fender and Sharp would transfer the property back to him because he identified "Additional Property" at the sheriff's sale that would generate income for the partnership. The income from the Additional Property would be used to pay ongoing taxes on the property Pitre lost at the sheriff's sale. Pitre says he "forbore from exercising rights of redemption to his undivided 1/3 interest in the Property and Additional Property in lieu of taking 100% title to the Property" in dispute now. The Pitres agree the Fender and Sharp heirs did not know about the oral agreement, the promise, or partnership. In response, Sharp asserts the affirmative defense of statute of frauds, noting that a written agreement was required to convey an interest in real estate.

Sharp served discovery, and the Pitres filed responses to the request for interrogatories and production. They did not, however, respond to the request for admissions. The deemed admissions included that: (1) Pitre has no legal interest in the property, (2) Pitre's interest was

sold in a sheriff's sale to satisfy a judgment against him, (3) Sharp and Fender did not promise to forfeit their interest in the property to Pitre, (4) there was no document signed by Fender or any of his representatives or heirs that conveys or promises to convey Fender's interest in the property to Pitre, and (5) there is no deed conveying Fender's interest in the property to Pitre.

Sharp filed a motion for traditional summary judgment on his right to quiet title, his fraudulent lien claim, and his affirmative defense of limitations. Attached to the motion as summary judgment evidence were copies of all relevant deeds, the deemed admissions, and the affidavits of Fender's sons in which each testified his father purchased Pitre's interest in the property and they had no knowledge of any verbal agreement between their father and Pitre that would allow Pitre to "take title or ownership" of the property. Sharp also attached Sharp's son's affidavit in which he likewise stated he had no knowledge of any verbal agreement between Fender and Pitre to convey, waive, or otherwise release Fender's interest in the property or allow Pitre to take title or ownership of the property. Sharp's son also swore his father did not verbally agree to convey, waive, or otherwise release his interest in the property to Pitre or to allow Pitre to take title or ownership of the property. The trial court granted summary judgment in favor of Sharp, awarding $10,000 under section 12.002, and attorney's fees.

In their second issue, the Pitres contend the trial court erred by granting summary judgment in favor of Sharp. They do not contend Sharp failed to meet his burden of his right to quiet title but instead argue they raised genuine issues of material fact regarding their affirmative defense of promissory estoppel.

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When a plaintiff moves for summary judgment, he must show he is entitled to prevail on each element of his cause of action. *Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 743 (Tex. App.—Dallas 2003, pet. denied); *see* TEX. R. CIV. P.

166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). Once the plaintiff establishes his right to summary judgment as a matter of law, the burden then shifts to the defendants as nonmovants to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Boudreau*, 115 S.W.3d at 743 (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). When reviewing a motion for summary judgment, the court takes the nonmovants' evidence as true, indulges every reasonable inference in favor of the nonmovants, and resolves all doubts in the nonmovants' favor. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

Sharp filed his motion for summary judgment on the grounds he was entitled to quiet title because the Pitres' claims were barred by the statute of frauds and their affirmative defense of promissory estoppel failed.

The evidence filed by Sharp establishes Sharp's right to quiet title because he has an interest in the property at issue, the title to that property is affected by a claim by the Pitres, and the claim, although facially valid, is invalid or unenforceable. *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). It also proves there is no written document that conveys or promises to convey any interest in the property to Pitre. *See* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2015) (promise or agreement involving interest in real estate not enforceable unless promise or agreement or memorandum of it is in writing). And the evidence shows there was no promise by Sharp or Fender to forfeit their interest in the property to Pitre. Because Sharp established as a matter of law he was entitled to quiet title and there was no written document as required under the statute of frauds, the burden shifted to the Pitres to show a genuine issue of material existed precluding summary judgment.

In response, the Pitres asserted "[t]here was a promise made to [Pitre] that [Pitre] relied upon in forbearing to exercise rights of redemption following a Sheriffs sale." In support of this,

–4–

they rely on Pitre's affidavit in which he states he, Sharp, and Fender, as informal partners, agreed Pitre would take "certain non-revenue producing properties" while "the other partners would retain the revenue producing properties." In exchange for this promise, Pitre asserts he did not exercise his "rights of redemption to redeem the properties at the tax sale."

Although Pitre contends this constitutes some evidence of a promise and creates a fact issue, we cannot agree. An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989). Because the deemed admissions were the controlling evidence before the trial court, Pitre's affidavit could not have been considered as evidence of a promise when the trial court ruled on the motion for summary judgment. *See Beasley v. Burns*, 7 S.W.3d 768, 769 (Tex. App.—Texarkana 1999, pet denied) (stating deemed admission is judicial admission and party may not introduce evidence to controvert it). Even if we disregard the deemed admissions, Pitre's statements in his affidavit that he relied on the promise and did not exercise his redemption rights are conclusory and are not enough to raise a fact issue. *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.) (statements that do not provide underlying facts to support conclusion are conclusory and are not competent evidence to support summary judgment) (citing *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)). Because the Pitres did not come forward with a material fact issue, the trial court did not err by granting summary judgment on Sharp's quiet title claim. We overrule the Pitres' second issue.

In their first issue, the Pitres claim the trial court erred by granting summary judgment on Sharp's fraudulent lien claim under section 12.002 of the civil practices and remedies code.

To prevail on his fraudulent lien claim, Sharp had to show the Pitres made, presented, or used a document with knowledge that it was a fraudulent lien; intended the document be given

legal effect; and intended to cause Sharp physical injury, financial injury, or mental anguish.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West Supp. 2015); *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 896−97 (Tex. App.—Dallas 2008, no pet.).  Intent to defraud is not susceptible to direct proof; therefore, "it invariably must be proven by circumstantial evidence." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986).  On appeal, the only element challenged by the Pitres whether Sharp established they knew the 2013 warranty deed was a fraudulent lien.

The evidence before the trial court, as noted previously, includes the deemed admissions and the various deeds, all of which show that Pitre held no interest in the property and therefore, had no interest to convey.  Thus, Sharp established, as a matter of law, that the Pitres made, presented, or used a document with knowledge that it was fraudulent.  Because summary judgment evidence supports the first element of this claim, we conclude the trial court did not err by granting summary judgment in Sharp's favor on this ground.  We overrule the Pitres' first issue.

In their third issue, the Pitres claim the trial court erred by not granting their motion to withdraw deemed admissions.  A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam).  An appellate court should set aside a trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion.  *Id.*  A trial court abuses its discretion if it acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably.  *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

Under rule of civil procedure 198.3(a), a trial court may permit a party to withdraw or amend an admission if the party shows good cause for the withdrawal or amendment.  TEX. R. CIV. P. 198.3(a).  "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d

–6–

439, 442 (Tex. 2005) (per curiam). In addition to finding good cause for withdrawal of an admission, the trial court may permit a party to withdraw an admission only if the court finds that the party relying on the deemed admissions will not be unduly prejudiced, and that presentation of the merits of the action will be served by permitting the withdrawal of the admission. TEX. R. CIV. P. 198.3(b).

Here, the record shows the Pitres were served with thirty pages of requests for production, interrogatories, and admissions on July 2, 2014. On August 7, they filed their responses. On October 15, Sharp filed his motion for summary judgment in which he relied, in part, on the deemed admissions. On November 10, the Pitres filed their response to the motion for summary judgment along with the motion to withdraw deemed admissions. In their motion, the Pitres assert they inadvertently failed to answer because "the request for admissions, although mentioned in the cover letter from counsel, were buried at the end of the voluminous document production and interrogatories, and thus escaped counsel for Defendants' attention. When Defendant did timely respond to the request for production and interrogatories, Plaintiff did not advise that the discovery response was incomplete." The Pitres did not request a hearing on their motion and, although they filed a motion to vacate the summary judgment, the issue of deemed admissions was not addressed. Under these facts, the trial court could have concluded the Pitres did not establish good cause. We cannot conclude the trial court abused its discretion. We overrule the Pitres' third issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

150173F.P05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT J. PITRE AND JORDAN PITRE,
Appellant

No. 05-15-00173-CV        V.

JOHN T. SHARP, AS ATTORNEY IN
FACT FOR THOMAS H. SHARP, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-05074.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the judgment of the trial court. We **ORDERED** that John T. Sharp as attorney in fact for Thomas H. Sharp recover his costs of this appeal from Robert J. Pitre and Jordan Pitre.

Judgment entered May 13, 2016.