

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00529-CV

———————————————

RODOLFO G. ROSA, Appellant

V.

STATE OF TEXAS DEPARTMENT OF CHILD SUPPORT OFFICE OF
ATTORNEY GENERAL,[1] Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-5678-431

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

---

[1]To provide consistency with the style, we use the name of the Appellee that appears in the documents filed in the trial court but recognize that the Appellee is more commonly referred to as "The Office of the Attorney General."

# MEMORANDUM OPINION

## I. Introduction and Background[2]

Appellant Rodolfo G. Rosa, appearing pro se, attempted to discharge his child-support obligation via an "administrative remedy" by allegedly sending three mailings to the "State of Texas Department of Child Support, Office of Attorney General [(OAG)]."[3] When the OAG did not respond, Rosa filed a certificate of nonresponse, which the trial court construed as an original petition. Within the certificate of nonresponse, Rosa stated that the OAG had

> agree[d] that it[s] refusal to send the written confirmation or a notice of dishonor from a qualified third party, in no way negates the fact that said case is settled and closed and that the corporate [**OAG**], has no capacity to persue [sic] on said case, and that further pursuit of case is agreement that the corporate [**OAG**] owe[s] . . . Rosa in excess of [$5]00,000.00[ ] (Five Hundred Thousand Dollars) and that he may take all necessary steps to secure his claim to the debt owed to him and to collect.

The OAG answered and filed a motion to dismiss under Texas Family Code Section 231.016.[4]  *See* Tex. Fam. Code Ann. § 231.016 (providing a dismissal

---

[2]We are at a disadvantage when trying to draft the background facts for this case because many of the documents setting forth the facts known by the parties were filed in courts other than the trial court and were not made part of the trial court's record. And although the parties sought to file a supplemental record with documents filed in other courts, we decline to review documents that were not before the trial court. We therefore limit our background recitation to what is in the record before us.

[3]The mailings are not included in the record but are referenced by Rosa.

[4]The OAG also filed a plea to the jurisdiction, which the trial court heard and orally granted during the same hearing in which it heard the OAG's motion to

procedure for a suit filed against the Title IV-D agency or one of its employees when the cause of action asserted is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from the agency or employee for which immunity applies). Rosa filed a motion to show authority, arguing that the attorney who had filed the motion to dismiss did not have standing to make any motion on behalf of the OAG. The trial court held a hearing and denied Rosa's motion to show authority and granted the OAG's motion to dismiss, and Rosa file a motion for new trial, which the trial court denied by written order.

Rosa appeals raising seven issues. Because his seven issues are inadequately briefed, were not preserved for review, or lack merit, we affirm.

## II. The Hearing

At the outset of the hearing on Rosa's motion to show authority and the OAG's motion to dismiss, the trial court attempted to nail down what Rosa was seeking:

> THE COURT: . . . . And you allege a debt, as I understand it, of $500,000; is that correct?
>
> MR. ROSA: That's correct.
>
> THE COURT: That you contend the child[-]support division needs to pay you, correct?

---

dismiss. But when it came time to sign an order, the trial court drew a line striking through the order on the OAG's plea to the jurisdiction and signed only the order granting the OAG's motion to dismiss. We mention the OAG's plea to the jurisdiction only to provide context for Rosa's fourth issue.

MR. ROSA:  That's correct.

THE COURT:  Lawsuits are based in causes of action.  Is that debt based on a contract between you and the child[-]support division?

MR. ROSA:  That is correct.  That is the heart of my claim.

. . . .

THE COURT:  Okay.  Apart from a suit on contract, is there any other claim in this court?

MR. ROSA:  No, Your Honor. . . .  The heart of my claim come [sic] because I try and review the contract for the child[-]support division.  I tried to settle this matter outside of court.  I tried to settle privately.  I did send my notice of conditional acceptance --

THE COURT:  I understand that.  So you are seeking the State of Texas to pay you $500,000 because they breached a contract; is that right?

MR. ROSA:  Yes, Your Honor.  I was trying to explain before you interrupt[ed].  I was trying to explain to you I was trying to settle this matter privately.

THE COURT:  Right.  But that has -- you know, you may be aware that the [Texas] Rules of Evidence don't permit presentation of settlement offers, so I'm not sure why you're going off in that direction.  I'm just -- what does a settlement offer have to do with whether or not you have a claim against the State of Texas for breach of contract?  You've mentioned settlement twice.  How does that help me today?

MR. ROSA:  I haven't mentioned settle[] at all.  I'm just trying to show that I have a claim, and I was trying to review the case.

THE COURT:  I guess I misheard.  I thought I heard the word ["]settle["] a couple of times.

So explaining the case will help me.  What promise did the State of Texas make to you that they would pay you $500,000?

4

MR. ROSA:  They never respond[ed to] my petitions, and --

THE COURT:  But that's not my question.  Please listen to my question.  Look, . . . you could sue Elon Musk for a hundred billion dollars[,] and he could not respond.  That doesn't mean he owes you a hundred billion dollars because he didn't respond.  So I'm having a hard time connecting that.

So, again, I'm trying to help, if possible.  A contract, if not written, requires all the things that we study in law school:  Valid offer, acceptance, mutual assent, meeting of the minds.  So for your breach of contract, Mr. Rosa, what promise did the State of Texas make to you?

MR. ROSA:  They didn't promise me anything.

### III.  Standard for Pro Se Litigants

We borrow from a recent Dallas Court of Appeals's opinion that sets forth the standard for pro se litigants:

"We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure."  *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) ("We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure."); [*see also*] *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (discussing specific requirements for briefing).

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case."  *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted).  Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  Tex. R. App. P. 38.1(i).  "This is not done by merely uttering brief conclusory statements, unsupported by legal citations."

*Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). . . . The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

*Albelbaisi v. Mustang Materials, LLC*, No. 05-24-00617-CV, 2025 WL 1384772, at *2 (Tex. App.—Dallas May 13, 2025, no pet. h.) (mem. op.).

## IV. Analysis of Issues Presented[5]

### A. First Issue

The following is Rosa's first issue in its entirety:

I. Denial of Due Process and Right to Be Heard

Peralta v. Heights Med. Ctr., 485 U.S. 80 (1988) prohibits any judgment without notice and hearing. Appellant was denied the right to present evidence or even file documentation. This alone warrants reversal.

We could overrule this based on briefing waiver. *See id.* Alternatively, Rosa appeared at the hearing, and the record is replete with documents that he filed; thus, it is unclear from his argument when he was denied the right to present evidence or file documentation. We therefore overrule Rosa's first issue.

### B. Second Issue

The following is Rosa's second issue in its entirety:

---

[5]Rosa sets forth seven issues under his "Issues Presented" heading but then addresses the issues in a different order under his "Arguments and Authorities" heading. For consistency, we use the same order as the issues under the "Arguments and Authorities" heading.

II. Orders Void Due to Lack of Judicial Oath

Article XVI, § 1 of the Texas Constitution requires all judicial officers to take and file a valid oath. Judge Herr's lack of an oath renders his orders void. Ex parte Young, 209 U.S. 123 confirms that unconstitutional enforcement is not protected by sovereign immunity.

Here, Judge Herr did not sign the appealed-from orders, and the record is devoid of any order signed by Judge Herr, much less any proof that Judge Herr failed to take an oath. An appellant must present a record that is sufficient to show the trial court's error. *See Jafar v. Beach & Beaches, Inc.*, No. 01-22-00412-CV, 2024 WL 3107684, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2024, no pet.) (mem. op.). Accordingly, we overrule Rosa's second issue.

## C.    Third Issue

In his third issue, Rosa challenges the trial court's ruling on his motion to show authority. Rosa's motion challenged assistant attorney general Susan Sylvester to show authority for filing the motion to dismiss and for acting on behalf of the OAG. He further argued that Sylvester has no standing to make any motion on behalf of the OAG. The OAG filed a response setting forth, among other matters, various statutory authority allowing Sylvester to act on its behalf:

6. The [OAG] was created as a member of the Executive Branch by the Texas [c]onstitution under Article 4, Section 1 and is a state agency. [*See*] *O'Donnell v. Abbott*, 393 F. Supp. 2d 508, 512 (W.D. Tex. 2005), [*aff'd*,] 481 F.3d [280,] 282 [(5th Cir. 2007)] (identifying the [OAG] of Texas as a state agency); *Rider v. Office of the Att*[*'y*] *Gen.*, No. 12-05-00418-CV, 2007 WL 3015455, at *5 (Tex. App.—Tyler Oct. 17, 2007, no pet.) (mem. op.) ("As the Title IV-D agency, the [OAG] is a unit of government exercising its governmental powers"). Pursuant to [Texas

Family Code] § 231.001, the [OAG] is designated as the Title IV-D agency for the State of Texas. Attorneys employed by the Title IV-D agency may represent this state or another state in an action brought under the authority of federal law or Chapter 231. [Tex. Fam. Code Ann.] § 231.109(a). An attorney employed to provide Title IV-D services represents the interest of the state and not the interest of any other party. [*Id.*] § 231.109(d).

7. Pursuant to Chapter 402, Tex. Gov't Code, the [OAG] has the right to designate specific counsel to represent the interests of the office or the State of Texas. . . .

Additionally, [t]he [OAG], pursuant to its authority under Chapter 402, Tex. Gov't Code and Chapter 231, Texas Family Code, has designated Susan Sylvester, the undersigned attorney, as its lead counsel in this case. Ms. Sylvester is a licensed attorney in good standing in the State of Texas and is currently employed and duly appointed as an assistant attorney general.

8. To the extent that [Rosa] argues that Ms. Sylvester must show authority to act in a civil suit against the [OAG], the Texas Administrative Code states that "[in] providing services required by federal and state law, the Title IV-D Agency may:

> (1) determine which services and remedies are appropriate in each case;
>
> (2) employ attorneys to represent the interests of the State of Texas in providing such services;
>
> (3) contract with private attorneys to provide services in IV-D cases; and
>
> **(4) appear as a party in any legal proceeding in any trial or appellate court.**" (Emphasis added.)

1 [Tex. Admin. Code] § 55.1. [Spacing adjusted within citations to reflect *Bluebook* form.]

8

The trial court heard Rosa's motion to show authority at the motion-to-dismiss hearing and denied Rosa's motion. The trial court also signed an order denying Rosa's motion.

The Eastland Court of Appeals has summarized the law on motions to show authority:

> Pursuant to Rule 12 of the Texas Rules of Civil Procedure, when a party to a lawsuit believes that the suit is being prosecuted or defended without authority, it may file a sworn motion questioning the attorney's authority to act. Tex. R. Civ. P. 12. The primary purpose of Rule 12 is to enforce a party's right to know who authorized the suit. *New Talk, Inc. v. Sw. Bell Tel. Co.*, 520 S.W.3d 637, 644 (Tex. App.—Fort Worth 2017, no pet.); *see also Angelina C[n]ty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964). Rule 12 protects parties from groundless suits and permits dismissal of suits instituted without authority. *Nicholas v. Env['l] Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 895 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also Angelina C[n]ty.*, 374 S.W.2d at 422–23.
>
> The challenged attorney has the burden of proof to show sufficient authority to represent the client. Tex. R. Civ. P. 12; *Boudreau v. Fed. Tr[.] Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet. denied). If the challenged attorney does not meet [her] burden of proof, the trial court is required (1) to bar the challenged attorney from appearing in the case and (2) to strike the pleadings if an authorized person does not appear. Tex. R. Civ. P. 12 . . . . Typically, an attorney satisfies the burden to establish his authority by presenting evidence that the client retained him to provide representation in the case. *In re Sassin*, 511 S.W.3d 121, 125 (Tex. App.—El Paso 2014, orig. proceeding); *Boudreau*, 115 S.W.3d at 742.

*In re Kinder Morgan SACROC, LP*, No. 11-21-00234-CV, 2021 WL 5994365, at *2 (Tex. App.—Eastland Dec. 17, 2021, orig. proceeding) (per curiam) (mem. op.), *mand. denied*, 672 S.W.3d 27, 27 (Tex. 2023) (orig. proceeding). We review a trial court's

ruling on a motion to show authority for an abuse of discretion. *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Here, the record is clear that Sylvester had authority as an assistant attorney general to act on behalf of the OAG, which has statutory authority to pursue child support. *See* Tex. Fam. Code Ann. §§ 231.001, .101(a)(3), .109(a). In that capacity, she filed the motion to dismiss in the underlying case. *See id.* § 231.109(a). We therefore cannot say that the trial court abused its discretion by denying Rosa's motion to show authority and thus declining to bar Sylvester from appearing in the case on the OAG's behalf. *Cf. In re Reed*, 901 S.W.2d 604, 608 (Tex. App.—San Antonio 1995, no pet.) (per curiam) (reaffirming its prior ruling overruling the motion to show authority for assistant attorneys general to participate as counsel in prosecution of contempt levied against a judge). We overrule Rosa's third issue.

## D. Fourth Issue

In his fourth issue, Rosa argues that the OAG's plea to the jurisdiction was not properly served, that no affidavit of service was filed, and that the trial court erred by considering the plea without proof of proper service and by overruling his "objection"[6] without a hearing. As noted above, the trial court did not sign an order

---

[6]It appears that Rosa is referencing "Plaintiff's Objection to Notice/Hearing of Court Proceeding," which he refers to in his reply brief as "Objection to Service and Court Proceedings." Rosa objected to the notice of the hearing on the OAG's motion to dismiss and plea to the jurisdiction, contending both that (1) the notice did not contain the information needed for participants to participate in the court proceedings and (2) he did not receive any notice.

granting the OAG's plea to the jurisdiction. Moreover, the record demonstrates that the OAG's plea to the jurisdiction contains a certificate of service, that Rosa filed a response opposing the OAG's plea to the jurisdiction, and that he appeared for the hearing. Furthermore, at the outset of the hearing, Rosa did not assert his objection or make any mention of a lack of notice. *See* Tex. R. App. P. 33.1. Based on the record, we overrule Rosa's fourth issue.

### E.    Fifth Issue

The following is Rosa's fifth issue in its entirety:

V.  Denial of New Trial Despite Material Evidence

Tex. R. Civ. P. 320 allows new trial for newly discovered evidence. Appellant provided formal state confirmations proving the judicial orders were void. The trial court's denial without hearing was an abuse of discretion.

Here, Rosa did not assert a ground for newly discovered evidence in his motion for new trial, nor did he attach any evidence—much less newly discovered evidence— to his motion or reference evidence of that type in the motion. *Cf. Bellamy v. Allegiance Benefit Plan Mgmt., Inc.*, 696 S.W.3d 751, 762 (Tex. App.—Eastland 2024, no pet.) ("[B]ecause [appellee] did not submit any new evidence with its motion for reconsideration, this motion cannot be construed as a motion for new trial based on newly discovered evidence."). Consequently, the trial court did not abuse its discretion by denying Rosa's motion for new trial based on newly discovered evidence. *Cf. Chacon v. State*, Nos. 04-11-00501-CR–04-11-00509-CR, 2012 WL

11

2551162, at *7 (Tex. App.—San Antonio June 27, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that because appellant did not present any argument about newly discovered evidence to the trial court in his motion for new trial, the trial court did not abuse its discretion by denying a motion based on newly discovered evidence). Rosa, alternatively, has not shown that the "formal state confirmations proving the judicial orders were void" constituted newly discovered evidence. Furthermore, the order denying Rosa's motion for new trial states that the motion was heard and that Rosa and counsel for the OAG appeared.[7]

We therefore overrule Rosa's fifth issue.

### F.    Sixth Issue

The following is Rosa's sixth issue in its entirety:

VI.  Administrative Estoppel - Certificate of Non[]Response

The administrative discharge was properly executed. [The] OAG failed to rebut any of the certified notices. Under Trinsey v. Pagliaro, unrebutted claims become admitted. Enforcement after default is barred by equity and administrative law.

Broadly construing Rosa's sixth issue as relating to his breach-of-contract claim, the record demonstrates that Rosa admitted in response to the trial court's questioning at the hearing that the State of Texas, via the OAG, did not promise him anything. The elements necessary to form a valid and binding contract are (1) an offer, (2) acceptance in strict compliance with the offer's terms, (3) a meeting of the

---

[7]The court reporter sent a letter to this court stating that no record was made of the November 25, 2024 hearing on Rosa's motion for new trial.

minds, (4) consent by both parties, (5) execution and delivery, and (6) consideration. *Edison Solar v. Barrera*, No. 02-25-00009-CV, 2025 WL 1271932, at *2 (Tex. App.—Fort Worth May 1, 2025, no pet. h.) (mem. op.) (citing *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). As exemplified by the hypothetical that the trial court posed, no contract was formed by virtue of the OAG's failure to respond to whatever documents Rosa allegedly sent it. Although Rosa believed himself to be in the driver's seat, he is not; he is instead in the obligor's seat. The OAG's child-support division did not make any offers to Rosa to delete his child-support obligation or to pay him money. Without a valid offer—the initial element needed to form a binding contract—there was no contract for the OAG to breach. *See Pearl Res. LLC v. Charger Servs., LLC*, 622 S.W.3d 106, 118 (Tex. App.—El Paso 2020, pet. denied) ("Without a valid offer, there can be no contract between [appellee] and any other entity."). We therefore overrule Rosa's sixth issue.

## G.    Seventh Issue

In his seventh issue, Rosa contends that even if his child-support obligation were valid, the "administrative remedy" that he invoked (i.e., sending mailings to the OAG and not receiving a response) operates to discharge his debt, and thus the OAG's continued garnishment of his wages violates his due-process rights. Even if we assume that Rosa preserved this issue for our review, as discussed above in Rosa's sixth issue, the administrative remedy that he pursued is not a valid one. He has cited no statutory authority, and we have found none, allowing a child-support obligation

13

to be discharged in the manner that Rosa attempted. *See Ochsner v. Ochsner*, 517 S.W.3d 717, 729 (Tex. 2016) (Guzman, J., concurring) (stating that "obligors who fail to discharge their child-support obligations by the court-ordered method do so at their own peril"). Because Rosa's child-support obligation has not been discharged, the OAG is within its rights to continue to garnish his wages. Rosa has not shown a due-process violation. Accordingly, we overrule Rosa's seventh issue.

### H.    Catchall

To the extent that Rosa attempted to raise any other issues in his brief, we hold that they are waived as inadequately briefed. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

## V. Additional Appellate Filings

After Rosa filed his brief, he filed "Appellant's Motion to Strike Void Orders from the Clerk's Record and to Supplement with Evidence of Jurisdictional and Constitutional Defects." The motion seeks to have us add to the clerk's record documents from other courts, to have us strike documents that have not been added to the clerk's record, and to stay enforcement of "the April 12, 2018 and November 17, 2017 orders, including wage garnishment or contempt actions, pending resolution of this appeal." We deny the motion in its entirety.

Rosa filed a "Notice of Supplemental Filing of Order of Referral from Parallel State[-]Court Proceeding," in which he asks us to take judicial notice of the order of referral in which the judge of the 442nd Judicial District in Denton County voluntarily

14

recused herself and referred the matter to the presiding judge of the Eighth Administrative Region. Based on our holdings, we decline to do so.

In his reply brief, Rosa argues for the first time that the trial court ignored his request for findings of fact and conclusions of law. Because Rosa did not raise this argument in his opening brief, we will not consider it. *See Kadow v. MAA, Watermark*, No. 02-22-00038-CV, 2022 WL 17841131, at \*5 n.4 (Tex. App.—Fort Worth Dec. 22, 2022, no pet.) (mem. op.) (stating that the court could not consider additional issues appellant raised "for the first time in her reply brief" and that such issues were not preserved for review); *Lorant v. 2016 Parkview Condos. Dev. LLC*, No. 02-22-00032-CV, 2022 WL 16845110, at \*4 n.11 (Tex. App.—Fort Worth Nov. 10, 2022, no pet.) (mem. op.) ("Arguments may not be raised for the first time in a reply brief."); *see also Boxer Prop. Mgmt. Corp. v. Dehnel*, No. 02-22-00336-CV, 2024 WL 3282541, at \*32 n.55 (Tex. App.—Fort Worth July 3, 2024, pets. denied) (mem. op.) (citing *Kadow* and *Lorant*).

## VI. Conclusion

Having overruled Rosa's seven issues, we affirm the trial court's order dismissing the case with prejudice.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: June 19, 2025

15