

**NUMBER 13-22-00152-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**VICTOR J. EDNEY JR.,**                                                                                                       **Appellant,**

**v.**

**CITY OF WACO, TEXAS,**                                                                                                      **Appellee.**

---

**On appeal from the County Court at Law No. 3
of McLennan County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Tijerina**

This appeal is from the grant of a motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure filed by appellee the City of Waco, Texas. *See* TEX. R. CIV. P. 91(a). Appellant Victor J. Edney Jr. filed a "Petition for Motion of Frivolous Claims" against the City's police department. By two issues, Edney contends that the City's Rule 91a motion to dismiss should have been denied because he raised a meritorious claim

for malicious prosecution and the claim was not barred by the applicable statute of limitations. We affirm.[1]

## I. BACKGROUND

On October 19, 2018, an incident occurred at a mall wherein the City's police officers responded and arrested Edney for trespass and "unlawful carry of a weapon." Subsequently, the City dropped the charges against Edney. On December 8, 2021, acting pro se, Edney filed suit against the Waco Police Department. In his first pleading entitled, "Petition for Motion of Frivolous Claims," Edney alleged an illegal search and seizure in violation of Article 1.9 of the Texas Constitution. Edney requested that the trial court "grant this motion of frivolous claims about the [City's police officers] who presented the falsified allegations of [criminal trespass] and [unlawfully carrying a weapon] to the state of Texas about the petitioner." Edney stated:

> The respondents violated the Texas Constitution article 1.8 freedom of press and speech; Libel—towards the state and the petitioner in our [indecipherable] due to negligence of hearsay from the municipal; on the cause of action of frivolous pleadings of assault and harassment that were groundless and brought in bad faith . . . in which the state of Texas has [found] the petitioner not guilty of the pressed allegations.
>
> . . . .
>
> Grant this motion for the state of Texas and its civil practices and remedies ch. 101.0215[;] Liability of a Municipality that makes the respondents liable for their asserted frivolous statements in this ethical dilemma of facts and [indecipherable] value already assessed (check the exhibit from the criminal county courts [sic] non guilty verdict of the petitioner).
>
> Additionally, Edney asked for the trial court to "pardon the petitioner and grant this

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

motion of frivolous claims for the unjust acts." Finally, Edney relayed that he sought "to recover fees, expenses, and reasonable attorney's fee[s] according to Texas state statute law under civil practices and remedies ch. 105.003 . . . ."

The City filed a combined motion to dismiss pursuant to Rule 91a and plea to the jurisdiction. Specifically, in its motion to dismiss, the City argued that Edney's claims "for violation of the Texas Constitution, for libel, for assault, and for harassment—are without any basis in law and thus should be dismissed." The City pointed out that the statute of limitations for libel is one year, and Edney did not file his suit within one year of the alleged incident. The City stated that Edney's "harassment claim appears to be based on the officers' allegedly [accusing] him of criminal misconduct, arresting him, and his resulting charge, which is in essence a claim for malicious prosecution," which is also subject to a one-year statute of limitations that Edney failed to meet. Next, the City argued that "[a] claim based on violation of the rights protected by the Texas constitution, a civil claim of assault and the other intentional tort claims and negligence claims are subject to a two-year statute of limitations," and Edney filed his suit outside that period as well. Next, the City stated that "the Texas Constitution does not generally create a private cause of action for the recovery of money damages."

 Specifically, in its plea, the City argued that none of Edney's claims of negligence, libel, assault, malicious prosecution, intentional torts, or violations of the Texas Constitution "for illegal search and seizure and violation of freedom of speech and press" "involved a defect in or negligent use of personal property, a defect in or negligent use of real property, or the negligent use of motor-driven equipment." *See* TEX. CIV. PRAC. &

REM. CODE Ann. § 101.021. The City also argued that "[§] 101.057 of the Texas Tort Claims Act [TTCA] expressly preserves governmental immunity against intentional torts." In addition, the City argued that the TTCA preserves immunity for "[a]ssault, libel, malicious prosecution, and alleged actions by the police officers involving alleged illegal search and seizure and deprivation of the right of freedom of the press and speech would all be considered intentional torts for purposes of Section 101.057." *See id.* § 101.057.

Edney then filed a pleading entitled, "First Supplemental Petition on Motion of Frivolous Claims in Response to the Defendant[']s Original Answer and Motion to Dismiss Under Rule 91[a]," arguing that the City misconstrued his claims and that his causes of action "are falsified allegations of criminal trespass and unlawful carry of a weapon that our McLennan criminal county court judge has dismiss[ed] resolution in favor of petitioner." Edney acknowledged that the statute of limitations for malicious prosecution and libel is one year from the date that the cause of action accrues. As to the City's plea to the jurisdiction, Edney argued that the City "should not get immunity," and that his arrest was improper "based on hearsay and without the burden of proof violating the Texas constitution article 1.8—Freedom of speech and press; libel." Edney claimed that the City

> violated the Texas constitution article 1.9—search and seizure for taking [Edney] to jail because of the frivolous acts, with the stated [undecipherable], and jurisdiction in plea [Edney] will note the subpart 16. Jurisdiction of the waiver of [undecipherable]; permission to sue that states—[undecipherable] immunity from suit defeats a trial court's subject matter jurisdiction because, absent the consent to sue a governmental entity, a tria[l] court has no basis for jurisdiction.

The trial court held a hearing on the City's Rule 91a motion to dismiss and plea to the jurisdiction. At the hearing, the City argued that it and its officers were immune to

4

Edney's claims. Edney responded that his "claims were for . . . [his] civil rights being violated. It was the freedom of speech and the search and seizure torts, the unlawful right to carry, and the trespass charge that [he] was alleged with . . . and those charges have been dismissed." Edney further claimed that he "only stated" that his claims were for "the unlawful right to carry and the trespass that [he] was approved of from the Brad Cates' Criminal Court at Law." Edney stated, "I never claimed . . . assault, malicious harassment." The trial court asked, "You're suing the Waco Police Department because you're upset that they hit you with a trespass and unlawful carry of a weapon; is that correct?" Edney replied, "Yes, sir." The trial court said, "Okay. So that would be a malicious prosecution type claim" and explained such a claim "fails as a matter of law because there's been no final determination as to your guilt or innocence on that matter" and "[f]or you to succeed on a malicious prosecution claim, you have to prove that . . . there was a final determination and that final determination found that you were not guilty or that you were actually innocent."

Edney stated that he was also "bringing charges because [the City is] violating [his] civil rights of Article 18 and 19" pursuant to "Chapter 16.002." The trial court told Edney that the statute of limitations for that claim is one year that begins on the date of the incident. Edney replied that he "didn't know you could file a suit while you were in court, in criminal court," and he acknowledged that libel has a one-year statute of limitations.

Edney then pivoted stating that "16.003 . . . says statute of limitations . . . [for] trespass of injury of the estate or property of another, conversation [sic] of a personal property or detaining the personal property of another, personal injury; forcible entry and

5

detainer" can be brought "not later than two years after the cause of action." The trial court responded that forcible entry and detainer relate to landlord-tenant disputes. Edney appeared to acknowledge that he was not suing for such a claim. The trial court granted the City's motion and plea to the jurisdiction, and it dismissed Edney's cause of action with prejudice. This appeal followed.

## II. THE CITY'S PLEA TO THE JURISDICTION

As a preliminary matter, the City argues that we must affirm the judgment because even if the dismissal pursuant to Rule 91a was incorrect, in his brief, Edney has not properly challenged the trial court's grant of the City's plea to the jurisdiction. We have reviewed Edney's notice of appeal, and he appears to indicate that he is appealing both the plea and the Rule 91a motion to dismiss. Nonetheless, in his brief, Edney does not argue that the trial court improperly granted the City's plea to the jurisdiction. *See* TEX. R. APP. P. 38.1(i). Edney instead only argues that the trial court's dismissal pursuant to Rule 91a was improper.

On appeal, Edney does not challenge any of the bases for the trial court's grant of the City's plea to the jurisdiction; thus, any issues pertaining to the plea to the jurisdiction have been waived. *See* TEX. R. APP. P. 38.1(i); *see also Goodenberger v. Ellis*, 343 S.W.3d 536, 539 (Tex. App.—Dallas 2011, pet. denied) ("When a party fails to adequately brief a complaint, he waives the issue on appeal."). As previously stated, the City argued that pursuant to the TTCA, it had not waived its immunity to Edney's claims of negligence, libel, assault, malicious prosecution, intentional torts, and violations of the Texas Constitution "for illegal search and seizure and violation of freedom of speech and press."

6

*See* TEX. CIV. PRAC. & REM. CODE Ann. § 101.021. The City stated that waiver of governmental immunity occurs only if the claims "involved a defect in or negligent use of personal property, a defect in or negligent use of real property, or the negligent use of motor-driven equipment," and in this case, Edney has not made any such claims. *See id.* The City also argued that "[§] 101.057 of the TTCA expressly preserves governmental immunity against intentional torts" such as "[a]ssault, libel, malicious prosecution, and alleged actions by the police officers involving . . . illegal search and seizure and deprivation of the right of freedom of the press and speech . . . ." *See id.* § 101.057.

Accordingly, without proper briefing with citation to appropriate authority and legal argument, we are unable to reverse the grant of the City's plea to the jurisdiction. *See* TEX. R. APP. P. 38.1(i). Therefore, we overrule Edney's issues challenging the trial court's grant of the City's motion for dismissal pursuant to Rule 91a because even if the ruling was improper, the trial court dismissed Edney's claims on the basis that immunity has not been waived, which is dispositive.[2] *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
30th day of November, 2023.

---

[2] Moreover, setting aside the issue of immunity, Edney only complains that the trial court erroneously dismissed his malicious prosecution and libel claims under Rule 91a. *See* TEX. R. APP. P. 38.1(i). Accordingly, construing Edney's underlying complaint against the City liberally and accepting as true his factual allegations, we find that upon our de novo review the City was also entitled to dismissal because Edney's claims were time-barred. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002 ("A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues.").

7